## LARKIN R. THOMAS v. JAMES B. WOMACK.

Where the citation was duly returned properly executed, and the defendant objected, (filing his answer at the same time,) that the copy of the petition which was served upon him was not authenticated by the seal of the Court to the Clerk's certificate, it was held that the objection was properly overruled.

Where the law recognizes some fixed rules and principles to regulate the measure of damages, by which it may be determined in how much the verdict is excessive; as in actions on contracts and for torts done to property, the value of which may be ascertained by evidence, and there is evidence in the case by which the proper amount to be remitted can be ascertained, a *remittitur* of the excess may be received as an answer to a motion for a new trial on the ground of excessive damages. But where there are no such rules or principles by which to ascertain the excess, or if there is no evidence in the case by which the proper amount to be remitted can be ascertained, and the verdict is excessive, a new trial should be granted.

Appeal from Tyler. Action by the appellee against the appellant, for what was described in the petition as an unprovoked and most unmerciful beating with intent to kill. Damages laid at ten thousand dollars. The citation was properly returned served. The defendant prefaced his answer with "exceptions" to the service of the citation, because a certified copy of the petition was not served upon him. He made affidavit of the fact, and appended the copy which the Sheriff had delivered to him, which did not have the seal of Court to the Clerk's certificate. The answer commenced by stating that in case the exceptions to the service were overruled, the defendant made the following answer, &c. The Court overruled the exceptions to the service. Neither the defendant nor his counsel was present at the trial. Verdict for plaintiff, for $10,000. Motion for a new trial, supported by the defendant's affidavit showing that he had employed counsel and that he, himself, lived in Orange county, and had left home for Court in time to arrive in due season, but had been detained by the sickness of his horse, and detailing facts of a most aggravating character which he could prove in ex-

tenuation, on a new trial. When the motion for a new trial was called up, the plaintiff remitted $8,500 of the damages, and the motion was overruled, and judgment entered for $1,500 and costs. Defendant appealed.

*B. C. Franklin,* for appellant. I. The appellant to sustain the position assumed in the first error assigned, refers to Hart. Dig. Art. 672, 674, 675.

The copy of petition and writ were not authenticated by having the seal of the Court affixed, nor did it show when the petition was filed.

II. The Court erred in refusing to grant a new trial on the motion of defendant.

Could the plaintiff by entering a *remittitur* in this case, sounding alone in damages, avoid the granting of a new trial, which the Court certainly would have granted unless the *remittitur* had been made.

No case can be found, or at least I have been unable to find a single case, where the plaintiff has been permitted to enter a *remittitur* in a case sounding in damages alone, where the sum remitted was a portion of the sum found by a jury, and within and part of the sum claimed as damages in the suit.

In the case of Jacobs v. Bangor, (4 Shep. 187,) it is said by the Court, that in cases where there is no certain measure of damages, the Court will not substitute its own sense of what would be the proper amount, for the verdict, and will not set aside a verdict unless there is reason to believe that the jury were actuated by passion or some undue influence perverting their judgment.

In the present case the plaintiff, by remitting the $8,500, confesses that the damages are excessive; that the jury were acting under an influence that perverted their judgment; in such a case the Court ought not to substitute its own sense of what would be the proper amount of the verdict, but should grant a new trial.

*H. N. & M. M. Potter*, for appellee. Even if the service was informal, still it had effected the object intended, it had brought the party into Court, and he had answered. Suppose the Court had quashed the service on the motion of defendant, still he would have been in Court by his answer, and if the plaintiff had taken new process and the defendant had been re-served, yet the plaintiff could not after that have taken judgment by default for want of an answer, because the answer of defendant was on file. Will this Court require the District Court to do that which can only increase costs and delay parties? The defendant in a cause may appear without service of process, and is bound by such appearance.

We think there is nothing in the question in relation to the judgment.

WHEELER, J. We do not think the objection to the service well taken. The Clerk is required to furnish a certified copy of the petition for the convenience of the Sheriff in making service. (Hart. Dig. Art. 674.) His certificate is evidence to the Sheriff that it is a copy without a comparison. But it is no part of the copy of the petition. The statute requires that all process shall have the seal of the Court attached. (Hart. Dig. Art. 647, 675.) But the petition is not process, which requires the seal of the Court to impart to it validity and authenticity. The object of the law in requiring that the defendant be furnished with a copy of the petition, is to afford him accurate information of the cause of action. For this purpose the Sheriff is required to deliver to the defendant accompanying the citation, "a copy of the petition." (Hart. Dig. Art. 679.) If he does so it is service. It is all the defendant has a right to require. It complies with the letter, and answers all the purposes contemplated by the law, as well without as with the Clerk's certificate and seal of authentication.

The remaining objection to the judgment is entitled to more consideration.

The verdict was confessedly excessive. We must suppose the Judge so regarded it, as it appears by the record that he refused the new trial, " upon the plaintiff having entered a *remittitur* of eight thousand five hundred dollars." And the entering of the *remittitur* must be considered as an admission that the verdict was so excessive. Should the *remittitur* have been received, as an answer to the motion for a new trial on the ground of excessive damages, in such a case, where the law has set no fixed or prescribed limits to the discretion of the jury in giving damages, and affords no criterion by which to ascertain as matter of law the amount of damages which the plaintiff is entitled to recover ?

In Sedgwick on the Measure of Damages (603) it is said, " Where the jury have given such excessive damages that the " Court feel bound to set aside the verdict, they will, instead " of simply ordering a new trial, give the plaintiff the option " of reducing the verdict to the sum which the Court con- " siders reasonable, and on his remitting the excess will deny " the motion for a new trial, and this in actions of tort as well " as on contract." And the authorities cited in support of the proposition, with one exception to which we have not access, are Guerry v. Keston, (2 Rich. R. 507,) and Young v. Englehard. (1 Howard Miss. R. 19.) The first was an action of trover for certain negroes. There was a motion for a new trial on the ground of excessive damages, and the Court said, " The jury in their indignation at the defend- " ant's conduct, have clearly given a greater amount of dam- " ages than they were authorized by law to do. In trover, ac- " cording to all the authorities, the value of the negroes with " hire or interest, was the legal measure of damages." The value of the negroes was proved, and the interest upon the value computed, and the Court ruled, that as that was the highest verdict which under the evidence the jury could legally give, a new trial would be granted unless the plaintiff released the excess of the verdict above that sum. The other case cited (Young v. Englehard) was an action of assumpsit. The defendant gave evidence of having made certain pay-

ments, which the jury disregarded in their verdict. There was a motion for a new trial, and the Court ruled that unless a *remittitur* was entered for the payments, it would be granted. It was so entered, and the Court overruled the motion; and the Court of Appeals affirmed the judgment, saying, " The record shows that the *remittitur* was to the full amount " of the excess as shown by the testimony. If then it was " clear to the Court that the verdict was right, and supported " by the testimony, it was then clearly within the discretion " of the Court below, and we think they did not err in re- " fusing a new trial."

These, it will be seen, are but the ordinary cases of permitting a *remittitur* where the measure of damages is matter of law, and the Court can determine with certainty what damages the plaintiff is entitled to recover by applying the law to the evidence. But the present is a very different case. Here the law furnishes no other criterion by which to measure the damages which may be given, than the discretion and sense of right and justice of the jury; and reserves to the Court no other control over the verdict than to grant a new trial, where the damages are so excessive as to bear the evident impress of prejudice, passion, gross ignorance or corruption. (Sedgw. Ch. 18, 26; 2 Tex. R. 463.) In cases where there is no certain measure of damages (it has been said) the Court will not substitute its own sense of what would be the proper amount of the verdict, and will not set aside a verdict for excessive damages, unless there is reason to believe that the jury were actuated by passion, or by some undue influence, perverting the judgment. (Jacobs v. Bangor, 4 Shep. 187.) No more will the Court substitute its sense of what would be the proper amount of the verdict where it is so excessive as to warrant the belief that the jury have been mislead either by passion, prejudice or ignorance; but will set the verdict aside altogether and grant a new trial. For to permit the verdict to be reduced to an amount which the Court might think reasonable in such a case, would be to substitute the opinion of the

Judge for the verdict of the jury, and, in effect, to deny the aggrieved party the right to a trial by an impartial jury. Where the verdict was confessedly so flagrantly excessive, as the *remittitur* admits it to have been in this case, it must be ascribed to prejudice, partiality, passion, or some undue or improper influence or cause, perverting the judgment of the jury; and to permit any part of it to stand, would not be consistent with the preservation of the impartiality, integrity and purity of the trial by jury.

In Lambert v. Craig (12 Pick. R. 199,) upon the rendition of the verdict, the plaintiff offered to remit the value of certain articles included in it. On a motion for a new trial the Court said, it was quite clear, by the plaintiff's own admission, that the value of the articles ought to have been deducted, and if the value could have been ascertained by the evidence, it might have been remitted and judgment rendered for the balance. But as it was uncertain and considerable in amount, a new trial was granted, notwithstanding the *remittitur* tendered. And this doubtless is the true rule upon the subject. Where the law recognizes some fixed rules and principles to regulate the measure of damages, by which it may be determined in how much the verdict is excessive, as in actions on contracts, and for torts done to property, the value of which may be ascertained by evidence, a *remittitur* of the excess may be received as an answer to a motion for a new trial on the ground of excessive damages. (Robson v. Watts, 11 Tex. R. 768 ; Underwood v. Parrott, 2 Tex. R. 168 ; Robbins' Adm'r v. Walters, Id. 130.) But where there are no such rules and principles by which to ascertain the excess, and it is uncertain and considerable, a new trial ought to be awarded.

The record discloses that neither the defendant nor his attorney was present at the trial. And, though his application for a new trial on this ground alone was not sufficient, yet there is reason to believe that it was not wholly in consequence of his fault that he was not present or represented. It is quite evident that, though he may not have been as vigilant

as the law requires, and it may have been in some measure his own fault, he did not have a fair and impartial trial, with the opportunity of being heard by himself or counsel; and when it is considered that the verdict was confessedly so very excessive, we think a new trial ought to have been granted. The judgment is therefore reversed and the cause remanded for a new trial.

Reversed and remanded.