REECE HUGHES v. MATILDA BROOKS.

When a jury find merely that an attachment was wrongfully sued out, they are not warranted in allowing defendant's attorneys fees as part of the damages. But had the finding been that the attachment was sued out maliciously and without probable cause, such fees would have been allowable as part of the defendant's damages.

APPEAL from Marion. Tried below before the Hon. J. D. McAdoo.

The opinion of the court sufficiently indicates the facts of the case.

*Wm. Stedman* and *Penn & Todd,* for appellant.

*Culberson & Mabry,* and *Crawford & Crawford,* for appellee.

WALKER, J.   The parties to this action appear to be brother
and sister.   The appellant brought suit against the appellee in
the District Court to recover the amount of a certain promissory
note calling for two thousand four hundred and eighty-four dol-
lars, and to foreclose a mortgage given to secure said note, al-
leging that the note and mortgage had been fraudulently de-
stroyed by the appellee.

The suit was commenced by attachment.   The note, as set out
in the petition, fell due on the 1st of January, 1870.   The pe-
tition was filed on the 15th of April, 1869.   The attachment was
levied on the land encumbered by the mortgage or deed of
trust.

It does not appear from the record what disposition was made
of the attachment, though counsel both for the appellant and
appellee acquiesce in the understanding that the attachment was
dismissed.

The appellee plead her coverture at the time of the execution
of the note and mortgage, in bar of the action; also claiming
that the note had been fully paid off, that she signed the note
sued on in ignorance of her rights as a married woman, and was
induced to do so by the false and fraudulent representations of
the appellant, and that, at the time of the alleged settlement be-
tween the appellant and the appellee, there was due her from
the appellant, by note, the sum of two thousand nine hundred
and twenty dollars, which amount she plead in reconvention.
She also claimed damages for the wrongful and malicious suing
out of the attachment.

On the trial the jury found their verdict for the defendant,
assessing her damages at one thousand five hundred dollars.

Special issues were submitted to the jury.   The finding of the
jury is:

*First.*  That the appellee is not liable for the note sued on.

*Second.*  That the deed of trust is without consideration.

*Third.*  That the plaintiff's obligation for two thousand nine
hundred dollars had been discharged.

*Fourth.*  That the plaintiff is liable in damages for the wrong-

ful suing out of the attachment in the sum of one thousand five hundred dollars.

We feel somewhat loath to disturb this verdict, but it appears from the record that the jury found their verdict mainly upon the supposed right of the appellee to recover her attorneys' fees.

We do not think that upon the finding " that the attachment " was wrongfully sued out," without the further finding that it was malicious and without probable cause, the appellee was entitled to recover her attorneys' fees.

The charge of the court on this point is correct. The only damages to which she was entitled were actual damages; it was not a case for exemplary damages, and she must have incurred the expense of attorneys' fees in defending the action, whether an attachment had been sued out or not. (See Reed *v.* Samuels, *et al.*, 22 Texas, 114.)

There is one other ground upon which we think a new trial should have been granted. After verdict the appellee was allowed to meet the motion for new trial by a *remittitur* of four hundred dollars of the verdict. This was not a case where the court could determine with certainty the amount of damage the appellee might have been entitled to recover, and thus by directing a *remittitur* of the excess, to enter judgment for the true amount. The law furnished no other criterion by which to measure the damages, than the sound sense and discretion of the jury, acting upon the evidence they had before them.

It does not clearly appear in this case that the jury, in the rendition of their verdict, were moved by passion, prejudice, or undue influence; but the appellee or her counsel virtually admits that the damages found by the jury were excessive, and this was not a case in which either the appellee or the court could correctly say how far they were excessive.

We think a new trial should have been granted upon this ground alone. (See Thomas *v.* Womack, 13 Texas, 584 and 585.)

We deem it unnecessary to notice the other assignments for error.

The judgment of the District Court is reversed and the cause remanded. .

WALKER, J.   In this case, the appellee moves the court for a rehearing, and asks that she be allowed to remit eleven hundred dollars damages, and have an affirmance of the judgment.

In our opinion, heretofore delivered in this case, we admit that the defendant may have been entitled to recover actual damages.

There being no other objection to the affirmance, the damages will be remitted, and the judgment of the District Court affirmed.

Affirmed.