Opinion by
Willson, J.
§155. Reconvention; exemplary damages. Where the. plaintiff sued for damages for injury done to his cattle by defendant, and defendant pleaded in reconvention for damages, alleging that plaintiff wilfully and maliciously aliowed and permitted his cattle to break into defendant’s premises, and destroy his crops, held, that this plea in justice’s court was, on general exception made to it, sufficient. .
§ 156. Remitter; in what cases does not cure error. The provisions of the statute in relation to a remitter do not apply in an action to recover damages for a tort. It is only in cases where the measure of damage is matter of law, and the court can determine with cer *143 tainty the amount which the party is entitled to recover, that a remitter will cure the error of an excessive verdict. [R. S. arts. 1351-1357; - Thomas v. Womack, 13 Tex. 580; Hughs v. Brooks, 36 Tex. 379; Hardeman v. Morgan, 48 Tex. 103.]
§157. Damages; measure of, in tort. The general principle recognized in the measure of damages is that of compensation. This rule obtains in actions for torts, unless the wrongful act is wanton, grossly negligent, malicious, or attended with circumstances of aggravation, in which case the damage recoverable is not limited to actual compensation. [Field on Damages, § 32; W. & W. Con. Rep. §§ 415, 763.]
§ 158. Same; special. Where plaintiff’s milk cows were wounded by defendant, whereby the plaintiff lost the use of the same for milk, held, that he was entitled to recover, as special actual damage, the' market value of the milk lost, or, if it had no market value, then its reasonable value to him, with legal interest on the amount. Also, defendant was entitled to recover the difference between the market value of the cows at the time they were wounded, and their market value as affected by the injury, with interest on the amount.
§ 15 9. Fence; what is a lawful. A lawful fence in this state is one which is not less than five feet high, and sufficiently close to prevent hogs from passing through the same. [R. S. art. 2431; Penal Code, art. 686.]
§ 160. Wire fences. The act of April 18, 1879, regulating wire fences, is in force only in sections of the state, where the law known as the “Stock Law” has been adopted. [R. S. Appendix, p. 12.]
§ 161. Character offence; rights and remedies affected by. Where a person’s fence is sufficient under the law, he is entitled to recover full satisfaction for injuries done to his crops by another’s stock; but he would not be justified in injuring the stock to protect his crops. If his fence be insufficient, he cannot recover damages for injury done to his crops by stock. [R. S. arts. 2431-2434.]
*144 April 23, 1884.
§ 162. Evidence of damage held insufficient. It was shown by the evidence that plaintiff’s cows were worth as much after as before they were wounded. Plaintiff’s only injury, occasioned by the wounding of the cows, was the loss of their milk, and the evidence did not show the •extent of this loss. Plaintiff testified in his own behalf that he had been damaged $50, but did not state the facts upon which this estimate was made. Held, that this evidence was too uncertain and unsatisfactory to warrant the verdict awarding plaintiff damages.
Reversed and remanded.