# Supreme Court of Texas

No. 21-0017

Sarah Gregory and New Prime, Inc.,

*Petitioners,*

v.

Jaswinder Chohan, et al.,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

JUSTICE BLAND, concurring in part.

The parties agree that a jury's imposition of mental anguish damages must be reasonable and consistent with due process, requiring judicial review.[1] The difficulty lies in articulating a workable legal standard for evaluating such damages, particularly when the damages are not linked to an underlying physical injury. The plurality and

---

[1] *See Saenz v. Fid. & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996) ("[T]he law requires appellate courts to conduct a meaningful evidentiary review of [damages] determinations."). *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 443–44 (Tex. 1995) (outlining the historical development of constraints on such damages).

Justice Devine agree that the mental anguish damages in this case must be reversed but differ in their approach to that judicial standard.[2]

The common ground in their opinions, however, provides a framework for deciding this case. Both the plurality and Justice Devine agree that mental anguish damages must be based on the evidence.[3] Both agree that juries must not measure mental anguish damages using improper yardsticks.[4] Both agree that the jury in this case was told in error that it should use measures that have no legitimate role in deciding compensation for mental anguish: artwork, fighter jets, and the number of miles a defendant's company has driven.[5] To resolve the challenge to the mental anguish damages in this case, we neither need to adopt the plurality's standard for determining whether the evidence demonstrates a rational connection to the amount awarded for every case, nor reject such a standard as Justice Devine advocates. We instead should leave further development of the law to a case in which the jury is properly informed about what to consider and, importantly, not told to apply measurements wholly outside the mental anguish evidence presented.[6]

---

[2] *Ante* at 4–5 (plurality op.); *ante* at 14 (Devine, J., concurring).

[3] *Ante* at 12 (plurality op.); *ante* at 3, 9 (Devine, J., concurring).

[4] *Ante* at 17–19 (plurality op.); *ante* at 3–4, 9 (Devine, J., concurring).

[5] *Ante* at 17–19 (plurality op.); *ante* at 14 (Devine, J., concurring). Although Justice Devine does not join the plurality opinion, he agrees with the plurality's resolution of the responsible third party issue. *Id.*

[6] The court of appeals held that "[n]one of the awards at issue here meet [the passion, prejudice, or improper motive] criteria." 615 S.W.3d 277, 314 (Tex. App.—Dallas 2020). It did not grapple with the effect of counsel's pleas

2

Counsel's unchecked directives to the jury to employ mental anguish measurements based on standards that depart from the evidence render the verdict legally infirm under long-standing common law.[7] It is settled law that appellate courts must review mental anguish damages to confirm that they are not the result of passion or prejudice.[8] This part of the common law standard does not require a subjective

---

for measurements outside the evidence; rather, it contrasted the improper arguments with other, correct statements of law and the jury charge. *Id.* at 308. Those statements and instructions, however, gave no guidance as to the correct measurement, leaving the verdict open to a no-evidence challenge that the amount awarded in damages was based on passion or prejudice. *See Saenz*, 925 S.W.2d at 614; *Parkway*, 901 S.W.2d at 444.

[7] As early as 1855, this Court has remanded for a new trial where the verdict "is so excessive as to warrant the belief that the jury have been [misled] either by passion, prejudice or ignorance" or "by some undue influence, perverting the judgment." *Thomas v. Womack*, 13 Tex. 580, 584 (1855).

[8] *Thomas*, 13 Tex. at 584 (indicating the court may set aside an excessive verdict when "there is reason to believe that the jury were actuated by passion, or by some undue influence, perverting the judgment"); *Ft. Worth & D.C. Ry. Co. v. Robertson*, 16 S.W. 1093, 1094–95 (Tex. [Comm'n Op.] 1891) (declining to set aside jury verdict when there was no indication the jury had "been misled, or their verdict has been influenced by corruption, passion, or prejudice"); *City of Ft. Worth v. Johnson*, 19 S.W. 361, 362 (Tex. Comm'n App. 1892, judgm't affirmed) (suggesting a jury verdict is infirm if "the amount of the verdict is so disproportionate to the character of the injury and its effect as to indicate the existence of passion, prejudice, or improper motive on the part of the jury"). These early cases came long before Texas permitted recovery for mental anguish apart from physical injury. As the law expanded to allow recovery of damages in more situations, the grounds for reversal also expanded. *See Saenz*, 925 S.W.2d 607 at 614; *Parkway*, 901 S.W.2d at 443–44. As this law developed, Texas courts did not abandon this review. *See Pope v. Moore*, 711 S.W.2d 622, 624 (Tex. 1986) (indicating remittitur is appropriate where the jury's finding is manifestly unjust, even without a showing that the jury was inflamed by passion, prejudice, or improper motive).

determination that a given verdict "shocks the conscience."[9] It focuses on inputs: whether the jury was exhorted to consider improper measurements for mental anguish, placing the amount awarded outside a reasonable range based on the evidence. The jury in this case was told to base mental anguish damages on passion (that the trucking company should be punished with a two-cent fine as mental anguish damages for each mile its fleet had driven) and prejudice (that the high cost of fighter jets and artwork should inform mental anguish damages).[10] As the plurality observes, these arguments destroyed any rational connection the verdict has to the mental anguish evidence presented.[11]

Other cases will present challenges closer to the boundaries of judicial review. For now, it is enough to say that the mental anguish verdict in this case is legally infirm under either the plurality's or Justice Devine's articulation of the appropriate standard for review. I join all but Parts II.C.2 and II.D of the plurality opinion, leaving for another day the resolution of the debate as to the precise standard of judicial review. I concur on the common ground for reversal in this case: the jury's mental anguish verdict was infected by repeated requests to

---

[9] *See ante* at 30 (plurality op.).

[10] The jury's mental anguish verdict is markedly close to the two-cent fine. Counsel's exhortation to the jury to give New Prime "your two cents worth" for each mile driven by company truckers over the course of a year encouraged jurors to punish New Prime according to the size of its business rather than to compensate for grief. The jury awarded $38,801,775, an amount within one-half of one percent of the total suggested by counsel's "two cents" argument. Nothing in the record links this number to the evidence presented.

[11] *Ante* at 17–19 (plurality op.).

use improper measures to assess mental anguish damages, warranting a new trial.

> Jane N. Bland
> Justice

**OPINION FILED:** June 16, 2023