BRUHN & WILLIAMS v. NATIONAL BANK OF JEFFERSON.

(Case No. 951.)

1. JURISDICTION.— The record in a suit in debt on a promissory note disclosed the beginning of the action in the county court, and its termination by a judgment in the district court, but revealed no cause for the transfer of jurisdiction. The debt claimed to be due was on a promissory note for $328.95, less credits indorsed: *Held*, that if the suit was properly cognizable in the district court, it was only in the exercise of some special jurisdiction, in favor of which no presumption must be indulged.

APPEAL from Marion. Tried below before the Hon. B. T. Estes.

F. M. Henry, for appellants, argued questions of payment, gross negligence and usury, not necessary to notice in view of the opinion.

[No briefs for appellee have reached the reporter.]

BONNER, ASSOCIATE JUSTICE.— This is a simple suit in debt, on a promissory note for $328.95, less credits indorsed, brought October 5, 1877, by the National Bank of Jefferson against Bruhn & Williams, in the county court of Marion county.

Judgment from which this appeal was taken was rendered in favor of the bank by the district court of Marion county, January 3, 1880.

The record fails to disclose how, or for what reason, the case came into the district court.

As a general rule, the district court cannot entertain jurisdiction over an amount less than $500.

In those cases which are transferred from the county to the district court, the latter exercises a special jurisdiction only, and the same presumptions will not be indulged as when in the exercise of its general jurisdiction.

REVERSED AND REMANDED.

[Opinion delivered December 21, 1880.]