O. P. BOWSER ET AL. v. ELLA WILLIAMS ET AL.

No. 94.

**1. Constitution of 1876 — Probate Jurisdiction.** — Under article 5, sections 8 and 16, of the Constitution of 1876, the County Court has general probate jurisdiction, and in such matters the District Court has only appellate jurisdiction.

**2. Same.**—Article 5, section 27, Constitution of 1876, provides: " The Legislature shall at its first session provide for the transfer of all business, civil and criminal, pending in the District Courts, over which jurisdiction is given by the Constitution to the County Courts or other inferior courts, and for the trial and disposition of all such causes by such County or other inferior courts." *Held*, to include probate matters, and that this view is supported by legislative construction.

**3. Same—Case in Judgment.**—In 1873 a will was probated by the District Court, which under the Constitution of 1869 had general probate jurisdiction. In 1875 suit was instituted in the same court to set aside the decree and annul the will, and in 1881 judgment was rendered declaring the will of no force. *Held*, the decree of 1881 rendered by the District Court is void. Nothing but the disqualification of the judge of the County Court could have conferred jurisdiction upon the District Court to adjudicate the matters involved by the decree of 1881. The record fails affirmatively to show the disqualification, if any, of the county judge, and no presumption can be indulged that such disqualification existed.

**4. Estoppel—Recitals in Deeds.**—The recitals in deeds made by the devisees under the will after the suit to annul the same had been instituted only evidence a precaution against becoming involved, and should not estop them from claiming under the will.

APPEAL from Dallas. Tried below before Hon. CHARLES FRED TUCKER.

*Coombes & Gano*, for appellants.—1. The District Court, after the adoption of the Constitution of 1876, had no original jurisdiction in probate matters, and no power whatever in an original case to set aside a will or declare it a forgery—except in case of the disqualification of the county judge. The power of the court depended upon this. Const., arts. 5–27; Franks v. Chapman, 60 Texas, 46; Franks v. Chapman, 61 Texas, 576; Heath v. Layne, 62 Texas, 689.

2. The District Court, under the Constitution of 1870, had the jurisdiction of the District and County Courts under the Constitutions of 1866 and 1876. It conducted the business of the Probate Court, but under the law kept two distinct and separate records. The probate records were

transferred by the Legislature to the County Courts (Probate Courts under the present Constitution); and the certified copy of the will and its probate was in this case necessarily under the hand and seal of the clerk of the County Court.   Const., arts. 5–27; Act Aug. 18, 1872.

3. The power in the District Court, dependent upon the disqualification of the county judge, was an exception to the general jurisdiction of the County Court, and conferred only a special or exceptional jurisdiction upon the District Court.   No presumption whatever can be indulged, even in a collateral proceeding, in favor of a decree under this exception, but the burden is on the party offering the decree to show the disqualification affirmatively.   Galpin v. Love, 18 Wall., 366; Bruhn v. Bank, 54 Texas, 152; Chrisman v. Graham, 51 Texas, 455; Hardeman v. Morgan, 48 Texas, 104; Guilford v. Love, 49 Texas, 479.

4. Presumptions are indulged only in proceedings where the court has a general jurisdiction, and never where there is an exceptional jurisdiction; in favor of what is usual, never in favor of what is unusual.   Hence where there is an exceptional jurisdiction, no presumption that the court had the right to render the decree offered could arise.   Freem. on Judg., sec. 124; Galpin v. Love, 18 Wall., 367; Bruhn v. Bank, 54 Texas, 152; Chrisman v. Graham, 51 Texas, 455; Hardeman v. Morgan, 48 Texas, 104; Guilford v. Love, 49 Texas, 479.

5. The plaintiff in a suit of trespass to try title must show title as against the world.   Portis v. Hill, 14 Texas, 70; Watson v. Hewitt, 45 Texas, 473.

*Cowart & Ellison* and *Watts & Aldredge*, for appellees.—1.   The District Court possesses exclusive jurisdiction of a suit to vacate the probate of a will which has been legally probated in such District Court.   Franks v. Chapman, 60 Texas, 49; Franks v. Chapman, 61 Texas, 582; Bender v. Damon, 72 Texas, 92; Barrow v. Hunton, 99 U. S., 408; Black on Judg., sec. 297; Foster's Fed. Prac., sec. 21.

2. A suit pending in the District Court of Dallas County in October, 1875, filed for the purpose of vacating and annulling the probate of a will therein probated by decree of 1873, and still pending in said District Court at the time of the adoption of the Constitution of 1876, and the organization of the County Courts thereunder, was not transferred to the County Court or affected in any way by said Constitution.   Timmons v. Bonner & Long, 58 Texas, 557; Frank v. Chapman, 60 Texas, 49; Frank v. Chapman, 61 Texas, 582; Bender v. Damon, 72 Texas, 92; Barrow v. Hunton, 99 U. S., 407; 1 Black on Judg., sec. 297.

That suit was pending:   Railway v. Howard, 13 How., 332, 333.

3. It was the intent of the Constitution of 1876, providing for the transfer of certain cases to the County Court, to confer jurisdiction upon the County Courts, and not to divest the District Courts of jurisdiction

over cases then pending in said District Courts. The true question, in the case of a suit then pending in the District Court, on collateral inquiry, is not " Did the District Court acquire jurisdiction of such case," but " Did the County Court acquire jurisdiction of said case?" Const., art. 5, secs. 16, 27; Ins. Co. v. Ray, 50 Texas, 511; Grigsby v. Peak, 57 Texas, 142; Timmons v. Bonner & Long, 58 Texas, 557; Endl. on the Int. of Stats., secs. 525, 151, 153, 155, 522; Cool. on Const. Lim., 98–100.

4. In a collateral attack upon its decree, all facts essential to the jurisdiction of the District Court to render the decree in 1881, vacating the probate of the will of Absalom Brandenburg, probated by any court in Texas, whether by that court or any other court, will conclusively be presumed to have been proven. Alexander v. Maverick, 18 Texas, 179; Withers v. Patterson, 27 Texas, 498; Fitch v. Boyer, 51 Texas, 37; Murchison v. White, 54 Texas, 80.

5. Third parties, purchasers from devisees, who are also heirs at law, can not insist upon the benefit of a devise of the property purchased when such devise had been renounced by the devisees prior to the purchase by said third parties; the devisees can not claim under the will and adversely to it. If devisees, also heirs at law, convey their interest in the estate to a third party, and employ language in their conveyance which purports to convey all their interest in the estate, without specifying said interest, the quantum of interest conveyed and the character in which conveyance is made will depend upon the claim actually asserted by the grantors at the time of said conveyance and as understood by the parties; and the court will look into all surrounding circumstances in ascertaining the meaning of the parties in the case of a latent ambiguity. Paschal v. Acklin, 27 Texas, 195; Vance v. Upson, 66 Texas, 493; Little v. Birdwell, 27 Texas, 691; Bige. on Estop., 679; 3 Redf. on Wills, 528; Fitz v. Cook, 5 Cush., 596; 2 Vesey, Jr., 695.

RAINEY, Associate Justice.—Ella Williams, appellee, is the daughter of Absalom Brandenburg, deceased. J. T. Williams, the other appellee, is the husband of said Ella Williams, and joined pro forma in this suit. Said Ella Williams claims an interest in the land in controversy as an heir of said Brandenburg. The said land was the separate property of said Brandenburg. Said Brandenburg at his death left a will devising his entire estate to his sons, Samuel and George H. Brandenburg, and his daughter Nancy Myers, who never renounced the same. Said will was duly probated by the District Court of Dallas County, Texas, in October, 1873. In 1875, a suit was instituted in said District Court to set aside said decree and annul said will. In 1881 judgment was rendered by the District Court in said cause, declaring said will of no force. There is nothing in the record of said proceedings showing that the county judge of Dallas County was disqualified to try said cause.

In January, 1883, the Probate Court of Tarrant County appointed J. C. Terrell guardian of the estate of Ella Brandenburg, and he qualified as such. The inventory filed showed that the minor's estate consisted of a claim of an interest in real estate of A. Brandenburg, situate in Dallas County, in suit there in the District Court, and that the claim of said minor was contested in said suit. In July, 1883, the said guardian made application in proper form to said Probate Court of Tarrant County for authority to compromise this claim of his ward, setting forth the facts. An order was granted authorizing the compromise to be made, said order reciting said litigation, and stating that the ward's interest demanded a compromise of the claim. Said guardian reported the compromise made for $1500, which report was confirmed and conveyance ordered made by the court, which was done, and the money paid into the hands of the guardian. The disabilities of Ella Williams were removed by the District Court of Johnson County, after which she settled with her guardian, receiving the money derived from said compromise, with knowledge of the compromise proceedings.

*Conclusions of Law.*—Ella Williams can only recover, if at all, as heir of her father, Absalom Brandenburg. Her father, the said Absalom, made a will devising his entire estate to his sons, Samuel and George H., and his daughter Nancy, and the same having been probated, she is precluded from a recovery, unless the decree of said District Court rendered in 1881, setting aside the judgment probating said will and annulling the same, is valid.

The contention of appellants is, that such decree is void, as under the Constitution and laws then in force the District Court had no jurisdiction to adjudicate the matters in issue.

The Constitution of 1869 conferred upon the District Court general jurisdiction of probate proceedings. When the judgment was rendered probating said will, jurisdiction vested in said court to hear and determine the issues involved. It also had jurisdiction in 1875 to hear and determine the issues involved in the suit for setting aside the probating of the said will and annulling the same. But did that jurisdiction exist in 1881, when the judgment was rendered annulling the prior proceedings? To determine this question, we must look to the provisions of the Constitution of 1876 and the laws passed thereunder.

Article 5, section 16, of the Constitution of 1876, provides: "The County Courts shall have the general jurisdiction of a Probate Court. They shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration; settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, minors, idiots, lunatics, persons non compos mentis, and

common drunkards, including the settlement, partition, and distribution of estates of deceased persons; and to apprentice minors as provided by law."

Article 5, section 8, Constitution of 1876, provides, that "The District Courts shall have appellate jurisdiction and general control in probate matters over the County Court established in each county, for appointing guardians, granting letters testamentary and of administration, for settling the accounts of executors, administrators, and guardians, and for the transaction of business appertaining to estates."

From these provisions it will be seen that the County Court has general jurisdiction to probate wills, etc., and that in such matters the District Court only has appellate jurisdiction.

Article 5, section 27, Constitution 1876, provides, that "The Legislature shall at its first session provide for the transfer of all business, civil and criminal, pending in the District Courts over which jurisdiction is given by the Constitution to the County Courts or other inferior courts, and for the trial and disposition of all such causes by such County or other inferior courts."

Appellees' counsel contend, that this last provision does not include probate business, and as such business was not included, that the District Court retained jurisdiction of such cases then pending, and had power to adjudicate the same, and its action in the premises is conclusive in a collateral attack. In this view of counsel we can not concur.

The language used, "the transfer *of all business*, civil and criminal," evidently includes probate matters. The term civil business, when used in contradistinction to criminal business, includes all legal business except *criminal business.* We are supported in this view by legislative construction. The first session of the Legislature under the Constitution of 1876 made provision for the transfer of cases from the District to the County Courts of which jurisdiction was given to the County Courts, which included all probate business then pending. In our opinion, such business is placed in the same category with other business pending in the District Courts over which jurisdiction was given to the County Courts. Franks v. Chapman, 60 Texas, 46.

In the case of Hardeman v. Morgan, 48 Texas, 103, the court, in passing on a judgment of the District Court in a case—the amount involved being within the jurisdiction of a justice of the peace, which case was pending when the Constitution of 1876 went into effect, but judgment rendered afterward—said: "Jurisdiction over this case, as then presented, having been taken by the adoption of the Constitution from the District Court and given to the Justice Court, it could only be legally proceeded with thereafter in the latter tribunal. *The only action which the District Court could subsequently take in the case was to have an order entered upon the minutes of said court transferring it to the Justice Court.*

*All other or further proceedings had in the case by the District Court after its jurisdiction had been revoked by the organic law were absolutely null and void.*"

The District Court could have had jurisdiction of the matter in question upon one contingency only, and that was the disqualification of the judge of the County Court of Dallas County. This is an exceptional jurisdiction, and we think that it is well settled in such cases that the record must affirmatively show that the exception really existed which gives the court jurisdiction to adjudicate the matters involved. Bruhn v. Bank, 54 Texas, 152; Chrisman v. Graham, 51 Texas, 455; Guilford v. Love, 49 Texas, 715.

The record in the case fails to show the disqualification, if any, of the county judge, and no presumption can be indulged by this court that such disqualification existed. We are therefore of the opinion that the decree rendered by the District Court in November, 1881, by the terms of which the probate of Absalom Brandenburg's will was vacated and annulled, is void, and of no force as against appellants.

The appellees contend that if such decree is void, that the devisees and those claiming under them have by the recitals in deeds received and given by them renounced their rights under the said will, and are not now in position to claim thereunder. The deeds and transactions referred to were made after the suit to annul said will was instituted, and the large majority just after the judgment was rendered decreeing said will a nullity. We think these transactions only evidence such precaution as ordinarily prudent men would adopt under like circumstances to prevent becoming involved, and in relieving their titles from a cloud, and should not estop them from claiming under the will.

The views here entertained settle this case, and we deem it unnecessary to take the time to review the other questions raised by counsel in their able and elaborate briefs.

The judgment of the court below is reversed and judgment here rendered for appellants.

*Reversed and rendered.*

Delivered January 3, 1894.

Motion for rehearing overruled February 21, 1894.