FORT WORTH & DENVER CITY RAILWAY COMPANY v. A. M. JAMES ET AL.

Decided May 13, 1905.

**1.—Cattle Shipment—Damages—Charge.**

In an action for injury to live stock during shipment it was error for the charge to instruct that plaintiff was entitled to recover such damages as might have resulted from the negligence shown, instead of such damages as proximately resulted therefrom.

**2.—Same—Rough Handling.**

"Rough handling" of the cattle by the carrier would not entitle the owner to damages without a finding that such rough handling was negligently done.

**3.—Assignment of Error—Exclusion of Evidence—Bill of Exceptions.**

Where the bill of exceptions taken to the exclusion of evidence fails to specify the objection sustained by the court, an assignment of error to the court's action will not be considered.

Appeal from the County Court of Dallam. Tried below before J. P. Inman.

*Spoonts & Thompson* and *J. H. Barwise, Jr.,* for appellant.

*Stalcup & Neal,* for appellees.

CONNER, CHIEF JUSTICE.—Appellees recovered a judgment against the appellant company in the County Court of Dallam County at its September term, 1904, for the sum of $149, as damages to certain of appellees' cattle shipped from Quanah to Dalhart, Texas. The petition contained the usual allegations of delay, rough handling and consequent damage.

The court, among other things, gave to the jury the following charges, to which error has been assigned, viz: "You are charged by the court as the law in this case that the defendant railway company

is liable to plaintiff for such damages, if any, as might have resulted from unreasonable delay in said shipment or unusual rough handling of same. . . . You are charged by the court, (1) that if you find from the evidence that the defendant railway company wholly failed to deliver said cattle at Dalhart in a reasonable time for like shipments, or negligently or roughly handled said stock, then you will find for the plaintiff in such sum (not to exceed the amount prayed for) as you believe from the evidence the said plaintiff sustained as damages by reason of negligence on the part of said railway company."

We think it hardly requires the citation of authority to determine that the charges quoted are erroneous. The damages appellees were entitled to recover, if any, from unreasonable delay or unusual rough handling, were such as in fact proximately resulted from the negligence alleged and shown, and not such as "might have resulted from unreasonable delay or unusual rough handling." And it will not do to say, as was in effect said in the second paragraph of the charge above quoted, that appellees were entitled to damages for "rough handling," without a further finding that such rough handling was negligently done. The charge in effect treats a negligent handling and a rough handling as synonymous, when such may not be the case. A certain degree of rough handling may have occurred even though the care of an ordinarily prudent person may have been exercised on the part of appellant's agents and employes engaged in the transportation. It is true, as insisted by appellee, that the court in other paragraphs of the charge made appellees' right of recovery dependent upon a finding of negligence on the part of the railway company. But we do not think these clauses cured the errors pointed out, for the jury having been informed, in effect, by the second paragraph above quoted that rough handling constituted negligence, they might have very readily accepted this as true without further inquiry.

We have found it unnecessary to determine the question presented by appellant's first assignment of error. The bill of exception taken to the exclusion of the evidence mentioned in said assignment fails to specify the objection sustained by the court in the exclusion of the testimony, and is therefore not entitled to consideration. See Texas & Pacific Coal Company v. Lawson, 10 Texas Civ. App., 491, 31 S. W. Rep., 847, and authorities there cited.

The special charges requested by appellant seem to have been sufficiently included in the court's general charge; but for the errors in the quoted charges, the judgment is reversed and the cause remanded.

*Reversed and remanded.*