DAVIS, Agent, v. SULLIVAN & OPRY.
(No. 2589.)

(Court of Civil Appeals of Texas. Texarkana.
June 13,.1922. Rehearing Denied
June.22, 1922.)

1. **Evidence** ⊜⊶472(4)—Testimony as to time required to unload cattle car held not a legal conclusion.

In an action for injuries to and death of cattle as the result of delay in shipment, testimony as to the time required to unload a car of cattle at defendant's yards in a certain city *held* admissible as against the objection that it was the witness' opinion and conclusion on a mixed question of law and fact; the witness not being permitted to express an opinion as to whether the carrier discharged its duty to use care to transport the cattle in a reasonable time.

2. **Appeal and error** ⊜⊶882(8)—Admission of testimony to substantially same effect as that of appellant's witnesses not reversible error.

In an action for injuries to and death of cattle from rough handling, delay, etc., in shipment, admission of testimony that cattle handled with ordinary care and reasonable dispatch and diligence between the points of shipment and destination would arrive at the latter in good shape, if irrelevant, immaterial, and mere opinion from the witness' experience, was not reversible error, where defendant's witnesses testified to substantially the same effect.

3. **Carriers** ⊜⊶228(5)—Evidence held sufficient to warrant finding of negligence in transportation of cattle.

Evidence *held* sufficient to warrant a finding that a carrier was guilty of negligent rough handling, delay, etc., in the transportation of cattle.

4. **Carriers** ⊜⊶230(9)—Instruction as to carrier's liability for injuries to cattle by "rough handling" held not erroneous; "unnecessary rough handling."

In an action for injuries to and death of cattle from rough handling, delay, etc., in transportation, an instruction to find for plaintiffs if the train was operated in an unnecessarily and unusually rough manner *held* not erroneous as authorizing such finding without respect to whether the rough handling, which is not necessarily negligent handling, was due to defendant's negligence; the instruction authorizing a finding of liability only for unnecessary rough handling, which is negligent handling.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Rough Handling.]

5. **Appeal and error** ⊜⊶1067—Refusal of charge defining unnecessary and unusual rough handling of cattle by carrier held not reversible error.

In an action for injuries to and death of cattle caused by rough handling in transportation, where the court instructed the jury to find for plaintiffs if the train was operated in an unnecessarily and unusually rough man-

ner, refusal of a special charge defining "unnecessary and unusual rough handling" as failure to exercise the care an ordinarily prudent person would have exercised under the same or similar circumstances was not reversible error. '

6. **Appeal and error** ⊜⊶1067—Refusal of special charge defining "reasonable time" for transportation of cattle held not reversible error.

In an action for injuries to and death of cattle caused by delay in transportation, where the undisputed testimony showed that more than 90 hours were consumed in transporting them 248 miles, and that they were held more than 40 hours at one connecting point and more than 17 hours at another without sufficient explanation, the court's refusal to define "reasonable time" as used in an instruction was not reversible error.

7. **Trial** ⊜⊶296(2)—Instruction as to injury to cattle shipped held not reversible error because failure to require negligence, in view of undisputed evidence and other instructions.

In an action for injuries to and death of cattle caused by rough handling and delay in transportation, an instruction that defendant was liable to the owners for damages resulting from delay and injuries from other causes than the owner's act, the act of God, or inherent qualities of the animals themselves, *held* harmless, if erroneous as failing to charge that defendant was not liable unless such damages were caused by its negligence, in view of undisputed testimony showing unreasonable delay in transportation and a charge declaring the defendant's liability for rough handling dependent on whether it was unnecessary.

8. **Carriers** ⊜⊶229(5)—Verdict for $3,170 for death of 9 of 54 head of cattle and injuries to the others held not excessive.

A verdict for $3,170 for the death of 9 of 54 head of cattle, and bruises, sore feet, and other injuries sustained by the others, *held* not excessive.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge. '

Action by Sullivan & Opry against the Director General of Railroads, for whom James C. Davis, Agent for the President, was substituted as defendant. Judgment for plaintiffs, and defendant appeals. Affirmed.

December 9, 1919, appellees, the owners of 54 head of cattle, delivered them to the Director General of Railroads, then operating the St. Louis Southwestern Railway Company of Texas line of railway, at Greenville, for carriage to Seymour. The cattle were carried from Greenville to Fort Worth over said railway company's line of railway, from Fort Worth to Wichita Falls over the Fort Worth & Denver City Railway Company's line of railway, also then being operated by said Director General, and from Wichita Falls over the Wichita Valley Railway Company's

line of railway, also then being operated by said Director General. Alleging that 9 head of the cattle died and that all the others were injured as the result of rough handling, delay, etc., while they were being transported to Seymour, appellees brought this suit for damages against said Director General. Afterwards appellant Davis, as the Agent of the federal government, was substituted for the Director General as defendant. The trial resulted in a verdict and judgment in appellees' favor for $3,170.

It appeared from the testimony that Fort Worth was 82 miles from Greenville, that Wichita Falls was 114 miles from Fort Worth, and that Seymour was 52 miles from Wichita Falls. The cattle in question were in good condition when they were received by the carrier in Greenville. They were shipped out of that place about 11 o'clock p. m. December 9th, and reached Fort Worth at about 8 o'clock a. m. December 10th. One of them was then down in the car. They were unloaded at Fort Worth about 7 o'clock p. m. December 10th. Seven of them were then dead, and others were in an injured condition. The cattle still alive were reloaded about 3:30 p. m. December 11th. The car they were in left Fort Worth at 1:20 a. m. December 12th, and reached Wichita Falls at 3:55 p. m. December 12th. They were shipped out of Wichita Falls at 9 a. m. December 13th, and reached Seymour at 7 p. m. of that day. Another one of the cattle was then dead, and still another died a short time after it was unloaded from the car. All the others were suffering from bruises, sore feet, and other injuries. Appellees traveled with and looked after the cattle until they reached Fort Worth, but not afterward.

B. M. McMahon, of Greenville, Thompson, Barwise, Wharton & Hiner and F. B. Walker, both of Fort Worth, and B. F. Crosby, of Greenville, for appellant.

Olin P. McWhirter and Thos. W. Thompson, both of Greenville, for appellees.

WILLSON, C. J. (after stating the facts as above). The contentions of the appellant will be disposed of in the order they are presented in his brief.

[1] 1. It appears from the record that the cattle were unloaded at Fort Worth. Over appellant's objection the trial court permitted the witness Young to testify that it should not take longer than 30 or 40 minutes to unload a car of cattle after it reached the yards of the St. Louis Southwestern Railway Company of Texas in that city. The ground of the objection was that the testimony was "the opinion and conclusion of the witness on a mixed question of law and fact." As supporting his contention appellant cites Ry. Co. v. Roberts, 101 Tex. 418,

108 S. W. 808, where it was held to be error to permit a witness to testify what would be a reasonable time, exercising ordinary care and diligence, in which to transport a train of cattle from a point in Texas where the shipment originated to a point in Oklahoma to which it was destined. It is obvious, we think, that the holding in the Roberts Case cannot be regarded as applicable here. The cases are alike only in the fact that the claim of the plaintiff in each of them that the carrier did not discharge its duty to use care to transport the cattle to their destination in a reasonable time presented a question of mixed law and fact. The witness in this one was not permitted, as he was in that one, to express an opinion on that question. While holding that the testimony in the Roberts Case was erroneously admitted, the Supreme Court also held, in effect, that testimony like that admitted in this case was admissible when they said:

"Some of the facts from which the conclusion in this case was drawn might doubtless have been shown by opinions of witnesses, such * * * time required for particular things, etc., but not the ultimate conclusion as to negligence or ordinary care."

[2] 2. After testifying that he had made shipments of cattle from Sherman to points in the vicinity of Seymour, the witness Grover Sullivan was permitted to testify over appellant's objection that it was irrelevant, immaterial, and mere opinion that, from his (the witness') experience "in shipping and handling cattle from Greenville to beyond Seymour, in that community out there, if they were handled with ordinary care and reasonable dispatch and diligence, they would arrive there in good shape." If the testimony was subject to the objection urged to it, we do not think the judgment should be reversed for error in admitting it, for appellant himself offered, and the court admitted, testimony by other witnesses to substantially the same effect.

[3] 3. The insistence that the trial court erred when he refused to instruct the jury to return a verdict in appellant's favor is on the theory that it could not be determined from the testimony what the cattle would have been worth in Seymour had they been handled with proper care in transporting them to that place, nor what they were worth in Seymour in the condition they were in when they arrived there. The argument is that there was therefore no basis for finding as to the amount of the damages appellees sustained. We do not agree that the testimony was insufficient in the particulars claimed, and overruled the contention. Nor do we agree with appellant that the refused peremptory instruction should have been given because the testimony did not warrant a finding that the carrier was guilty of neg-

ligence as charged. As we construe it, the testimony in that respect was amply sufficient.

[4, 5] 4. In the third paragraph of his charge the court instructed the jury to find for appellees if they believed from the testimony that the carriers failed to transport the cattle to Seymour "within a reasonable time"; or believe the train carrying them was operated "in an unnecessarily and unusually rough manner"; and further believed that as a proximate result of such rough handling, or delay, if any, of the train, some of the cattle were dead and others injured when they reached Seymour. Appellant insists that the instruction authorized the jury to find for appellees if they believed the cattle were injured by rough handling without respect to whether the rough handling was due to negligence on the part of the carrier or not, and that the instruction was therefore erroneous. It is argued that "rough handling" is not necessarily "negligent handling," which, of course, is true (Ry. Co. v. James, 39 Tex. Civ. App. 408, 87 S. W. 730); but it is also true, we think, that unnecessary rough handling of a train which causes injury to cattle in it is "negligent handling." It is doubtless true that a certain degree of rough handling may be unavoidable in the careful handling of a train, but we think the instruction did not authorize the jury to find the carrier liable for that kind of rough handling, but only for unnecessary—that is, negligent—rough handling. In this view the instruction was not subject to the objection urged to it, and the court did not commit error for which the judgment should be reversed when he refused the special charge defining "unnecessary and unusual rough handling" as failure on the part of the carrier to exercise the care "an ordinarily prudent person would have exercised under the same or similar circumstances." Ry. Co. v. Franklin, 58 Tex. Civ. App. 41, 123 S. W. 1151. In the case cited the court said:

"If appellants handled appellee's horses and mules unnecessarily rough * * * then it cannot be said that they acted as an ordinarily prudent person would have acted under the circumstances and were necessarily guilty of negligence."

[6] 5. In the instruction given by the court referred to above it will be noted that he authorized the jury to find for appellees if they believed that the cattle were injured because of a failure of the carrier to transport them to Seymour "within a reasonable time" after it received them at Greenville.

The court refused a special charge requested by appellant that "reasonable time," as used in the instruction given, meant that the carrier in transporting the cattle "should exercise that degree of care which an ordinarily prudent person would have exercised under the same or similar circumstances in the matter of time used in transporting the cattle." Appellant insists the refusal of the charge was error which entitles him to a reversal of the judgment. We do not think so, in view of undisputed testimony showing that more than 90 hours were consumed in transporting the cattle from Greenville to Seymour, a distance of 248 miles, and in the absence of testimony showing any reason why the cattle were held longer than 40 hours in Fort Worth, except that they were unloaded and fed and watered there, and longer than 17 hours in Wichita Falls. In that state of the testimony appellant would have had no right to complain had the court instructed the jury outright that the transportation of the cattle was negligently delayed.

[7] 6. In the first paragraph of his charge the court told the jury it was "the duty of railroad companies, upon receiving live stock for shipment, to carry the same to their destination with reasonable promptness and dispatch, and they are liable to the owners of said property for any damages resulting from delay and injuries from other causes, except such injuries as may result from the act of the owner, the act of God, or to inherent qualities of the animals themselves." The instruction is attacked as erroneous because it did not "charge the jury that a railroad company is not liable for damages unless such damages be caused by the negligence of the railway company." If the instruction as a mere abstract statement of the law was erroneous, which may be doubted (Ry. Co. v. Tradwick, 68 Tex. 314, 4 S. W. 567, 2 Am. St. Rep. 494), we think the error should be treated as harmless, when the testimony with reference to delay in the shipment, to which reference has been made, is kept in mind, and when considered in connection with the third paragraph of the charge, which made the liability of the carrier for rough handling depend on whether same was unnecessary or not.

[8] 7. We do not agree that the testimony did not warrant a finding that the amount of appellees' damages was as great as the jury determined it to be, and therefore overrule the assignment presenting that contention.

The judgment is affirmed.