## B. HARDEMAN & SON v. A. H. MORGAN.

48   103
80   46½

1. DAMAGES—REMITTITUR.—It seems that a remittitur of damages in tort should not discharge a motion for new trial, made upon the ground that the damages were excessive, or improperly given by a jury.

2. JURISDICTION OF DISTRICT COURT.—Since the adoption of the Constitution of 1876, the District Courts have no power to try causes pending therein, which, by the Constitution, are within the exclusive jurisdiction of justices of the peace.

3. SAME—RECONVENTION IN ATTACHMENT SUITS.—The right to reconvene, in attachment suits for damages, is limited by the jurisdiction of the court in which the plaintiff's suit is brought, or where it is legally pending when the defendant asserts his demand.

4. SAME.—A defendant in attachment cannot, after the adoption of the Constitution of 1876, by reconvening, confer jurisdiction upon the District Court, in a case which, by the Constitution, is placed within the exclusive jurisdiction of a justice of the peace.

APPEAL from Nacogdoches.    Tried below before the Hon. R. S. Walker.

B. Hardeman & Son, November 17, 1873, sued, by attachment, defendant Morgan, for balance of $126.30 gold, on a loan of $150 gold, made by plaintiffs to defendant. The attachment was levied on 11,138 pounds seed cotton, the property of defendant.

May 25, 1875, defendant denied the indebtedness under oath.

September 19, 1876, defendant pleaded payment in cotton; reconvened for excess of value in cotton delivered to plaintiff over amount of the account; reconvened in damages for the wrongfully suing out of the attachment, alleging damages at $1,000.

The jury returned a verdict "for defendant for $100," upon which judgment was rendered.

Plaintiffs filed a motion for new trial, and, after the argument upon the motion, the court stated, that the only error perceived grew out of the judgment in favor of the defendant for damages against the plaintiffs, and that if the defendant

would remit the judgment against plaintiffs, the motion for new trial would be overruled; whereupon defendant remitted the judgment against the plaintiffs, upon which the court overruled the motion. Plaintiffs appealed.

The errors assigned sufficiently appear in the opinion.

*Peyton T. Edwards* and *George F. Ingraham,* for appellants.

I. The court erred in giving a charge upon the subject of punitory damages, in the absence of any proof to support such charge, and under the defective plea of defendants. (Andrews *v.* Smithwick, 20 Tex., 118; Yarborough *v.* Tate, 14 Tex., 483; Earle *v.* Thomas, 14 Tex., 583; McGreal *v.* Wilson, 9 Tex., 429; Hampton *v.* Dean, 4 Tex., 455.)

II. The motion for new trial should have been allowed, notwithstanding the remittitur. (Thomas *v.* Womack, 13 Tex,, 580.)

[No brief for appellee came to reporters.]

Moore, Associate Justice.—We are inclined to the opinion, that we should have to say, if we were required to pass upon them, that several of the errors assigned for the reversal of the judgment in this case are well taken.

The special exception to appellee's answer, claiming damages for the wrongful levy of the attachment, and the objection to the testimony of the witness Ashley, should, it seems to us, have been sustained. And if, as the presiding judge evidently supposed, the verdict of the jury giving damages in favor of appellee was not warranted by the evidence, we do not see that the court could say that the remittitur by appellee cured the error. (13 Tex., 580.) But we are not called upon—if, indeed, it would be proper for us—to make an authoritative ruling upon these questions at present, and, as we have not been aided in their discussion by counsel for appellee, we intend, by what we have said, to intimate merely the present bias of our minds, to induce investigation and

discussion, if necessary, hereafter, and not to announce matured opinions, much less an authoritative determination of questions upon which we are not called to decide.

Putting aside, however, all consideration of the errors assigned by appellants, it is plainly manifest, upon the face of the record, that the judgment must be reversed for want of jurisdiction of the District Court to hear and determine the cause at the time it was tried.

This suit was brought by appellants against appellee in the District Court of Nacogdoches county, November 17, 1873, for the recovery of the sum of $126.30, claimed to be due them on an open account; but was not tried until the ——— day of September, 1876. It is, therefore, obvious, if the authority of the District Court to hear and determine the case is to be determined by the cause of action asserted by the plaintiffs, that jurisdiction of it was taken from the District Court, and conferred upon one of the justices of the peace of the county in which it was pending, by the provisions of the present Constitution, before it came to trial. (Art. 5, secs. 8, 19, and 27.)

It is, unquestionably, a well-established and familiar rule of practice, in our system of jurisprudence, that the defendant in an attachment suit may, by an answer in the nature of a plea in reconvention, litigate, and have determined, his right to damages for the wrongful and malicious suing out of such writ in the action in which the writ issued; and this court has heretofore ruled, that though the plaintiff's cause of action would not of itself warrant the District Court in retaining jurisdiction of the case under the present Constitution, yet if the court, when the Constitution took effect, had jurisdiction of the cross-action of the defendant, it would retain jurisdiction of the entire case. This, we think, is the correct, if not the necessary and unavoidable conclusion, from the practice of permitting the defendant's right to damages to be litigated and determined in the plaintiff's suit in which, the attachment issued. But while the defendant has the privilege of

claiming his damages by an answer in the nature of a cross-action, he is not compelled to seek redress in this way. He may, undoubtedly, if he prefers it, bring his separate suit in the court having jurisdiction of such a demand, without regard to the tribunal in which the plaintiff's action may be pending. But, certainly, it cannot for a moment be supposed, because the defendant may prosecute his demand against the plaintiff by an answer in the nature of a cross-action, instead of bringing his independent and separate suit, that he can, to enable him to exercise this privilege, take the plaintiff's case from the tribunal where it belongs, and whose jurisdiction has properly attached, or that he can litigate his cross-action in a tribunal which would not have jurisdiction of it, if he was seeking redress in a separate and independent suit. Unquestionably, the privilege given by our system to defendants, of litigating their right to damages in this way, is limited by the jurisdiction of the court in which the plaintiff's suit is brought, or where it is legally pending when the defendant asserts his demand.

There is nothing in the transcript which warrants our saying that appellee had asserted a claim for damages against appellants for an amount of which the District Court is given jurisdiction by the present Constitution prior to its adoption; or that he had done this even up to the time that the statutes transferring all such cases as appellants' from the District Courts to those of the justices of the peace went into effect. (General Laws 15th Leg., p. 48.) Appellee's cross-action, so far as we can tell from the record, was not asserted until the 19th of September, 1876. Jurisdiction over this case, as then presented, having been taken, by the adoption of the Constitution, from the District Court, and given to the Justices' Court, it could only be legally proceeded with thereafter in the latter tribunal. The only action which the District Court could subsequently take in the case, was to have an order entered upon the minutes of said court transferring it to the Justices' Court. All other or further proceed-

ings had in the case by the District Court, after its jurisdiction had been revoked by the organic law, were absolutely null and void.

It appearing, from the record, that the judgment in this case was rendered by the District Court of Nacogdoches county when it had no jurisdiction of the same, it is ordered, that the judgment be reversed, and that said court be, by the mandate of this court, directed to enter upon its minutes an order transferring the case to the Justices' Court of the precinct in which the county seat of said Nacogdoches county is situated, and that appellee be adjudged to pay the cost of this appeal.

REVERSED.