No. 5578.

C. S. BOUDON *v.* B. F. GILBERT ET AL.

PLEADING.—A counter claim can not be set up in the district court by a defendant in a cause appealed from a justice's court which was not set up in the justice's court. If the counter claim exceeded the jurisdiction of a justice of the peace, that fact affords no ground for entertaining it, when urged for the first time in the district court in a case originating before a justice of the peace. The defendant must resort to a suit before some court having jurisdiction of the amount claimed for the enforcement of his rights.

44 — TEX. APP. LXVII.

APPEAL from Limestone.    Tried below before the Hon. L. D. Bradley.

This suit by appellant for three hundred dollars, which originated before a justice of the peace, was taken by appeal to the county court. While pending there the counter claim exceeding the jurisdiction of a justice's court was first presented by defendant. Afterward, by reason of the disqualification of the county judge, the cause was transferred to the district court. Appellant moved in the district court to strike out appellees' amended answer, which set up the counter claim referred to in the petition, which was overruled. Judgment for fifty dollars for appellant.

*Kimbell & Smith*, for appellant, cited Revised Statutes, Article 316; Curry v. Terrell, White & Willson, vol. 1, sec. 239; Rush v. Lester, Id., vol. 2, sec. 442, and Texas & St. Louis Railway Company v. Melear, Id., vol. 2, sec. 457.

*Burrow & Kincaid*, for appellees, cited Durham v. Flannagan, Willson's Condensed Reports, vol. 2, sec. 22; Bradshaw v. Mayfield, 18 Texas, 21; White v. Holliday, 11 Texas, 606, and Oliver v. Chapman, 15 Texas, 400.

STAYTON, ASSOCIATE JUSTICE. This action was brought by the appellant in a justice court, on a note for three hundred dollars executed by appellees, on which a payment of one hundred dollars had been made. The appellees pleaded a failure of consideration, and in reconvention claimed four hundred dollars, which they urged in so far as necessary in satisfaction of the balance on the note sued for, and for the residue they sought a judgment.

The note was given to secure the purchase money for a stock of horses, sold by the appellant to the appellees, and the grounds of the defense set up were deceit and misrepresentations made by the appellant in regared to the sale by him of animals out of the stock, and the death of animals between the time of his purchase and a former period. There was a judgment in the justice court in favor of the appellant for sixty-three dollars, from which an appeal to the district was prosecuted.

In the district court the defendants enlarged their counter claim by adding items of damages not embraced in the pleadings

in the justice court, which amounted to a sum greater than the justice court would have jurisdiction of.

It is urged that the court erred in allowing this counter claim to be set up in the district court for the first time, and we are of the opinion that this was error. The statute provides that "either party may plead any new matter in the county court which was not presented in the court below, but no new cause shall be set up by the plaintiff, nor shall any set off or counter claim be set up by the defendant which was not pleaded in the court below." (Rev. Stat., art. 316; Curry v. Terrell, 1 White & Willson's Civil Cases, 239; Rush v. Lester, 2 Willson's Civil Cases, 442; Railway Co. v. Melear, 2 Willson's Civil Cases, 457.)

The additional items of counter claim set up in the district court were not asserted in the justice court, and should not have been permitted in the district court.

The pleadings in the justice court, and in the district court, in so far as they set up a failure of consideration for the note, were sufficient, and if sustained gave a good defense against the note sued upon, which might be urged in any court. The counter claim set up in the justice court and in the district court, on which relief other than the defeat of the collection of the note sued on was asked, each exceeded the amount of which the justice's court had jurisdiction, and they should not have been entertained. (Newman v. McCallum, 1 White & Willson's Civil Cases, 273, 274, 275.)

If the appellees desired relief on their claims they should have brought suit thereon in some court having jurisdiction of the amount claimed.

How far the counter claims set up in the district court for the first time may have influenced the jury it is impossible to tell.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 22, 1887.