DAWSON et al. v. DUFFIE. (No. 5782.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 24, 1917.)

PLEADING ⬯148 — CROSS-ACTION — FOREIGN TO MAIN ACTION.

In an action upon a note, where defendants pleaded a cross-action asking cancellation of a mortgage, to try title, and for a writ of possession, the cross-action being an entirely different cause and foreign to the main action, and the court not having jurisdiction thereof, it was properly stricken out.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 299; Dec. Dig. ⬯148.]

Appeal from District Court, Hidalgo County; V. M. Taylor, Judge.

Action by Samuel M. Duffie against Ed Dawson and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Geo. P. Brown, of Mission, for appellants. Smith & Rowland, of Mission, for appellee.

FLY, C. J. Appellee sued appellants on a certain promissory note, payable in installments, and appellants attempted to set up a cross-action. The cross-action is as follows:

"These defendants allege that simultaneously with the execution of said note, that the said plaintiff herein did make, execute, and deliver to these defendants a certain contract in writing, wherein and whereby plaintiff bound and obligated himself to deed back to defendants lots Nos. 20 and 21 in block No. 159, in the village of Mission, Tex., provided these defendants would, by October 1, A. D. 1915, pay to plaintiff the sum of two thousand eight hundred and no hundredths dollars ($2,800), with interest thereon from the date of said contract, which was October 1, A. D. 1914, at the rate of 10 per cent. per annum, together with the full amount of taxes accruing against said lots, and the full amount of a certain installment promissory note on that day given by Ed Dawson and H. C. Dawson, defendants, to plaintiff, in the sum of $653.55, which is the same note herein sued upon.

"These defendants allege that simultaneously with the above-alleged contract, defendants executed deed to plaintiff for the two lots herein described, or that defendants had previously executed a deed to plaintiff to said lots, but that, in truth and in fact, said deed was not a deed absolute, but was only a mortgage on said lots to secure the said Duffie in the payment of certain sums of money loaned and advanced by him to defendants. Defendants further allege that said lots was and is the business homestead of defendants, and that said deed or mortgage on same is void and of no effect. Defendants further allege that the said note herein sued upon is a part of the consideration for said deed or mortgage, and the payment thereof is a consideration for the option to repurchase which these defendants have till October 1, 1915, to exercise. Defendants further allege that said deed or mortgage is a cloud upon defendants' title to said lots Nos. 20 and 21 in block No. 159, as above described.

"Wherefore these defendants pray that on final trial hereof, said deed or mortgage be held of no effect, and that plaintiff take nothing by his suit, and that the cloud cast upon defendants' title to said lots be removed, and the title to said lots be revested in defendants; that they have their writ of possession, and for such other and further relief, special and general, either in law or in equity, that these defendants may show themselves justly entitled to, as in duty bound, they will ever pray."

It is clear that appellants sought to set up an entirely different cause of action, not growing out of or in any way connected with the suit on the note as an offset. The object of the cross-action was to cancel a mortgage on land, to remove cloud from title to land, and for a writ of possession. In other words, appellants sought to prosecute an action in trespass to try title in a county court. The county court had no jurisdiction of such a suit, and the court properly struck it out. Boudon v. Gilbert, 67 Tex. 689, 4 S. W. 578.

Appellants admitted that they owed the debt for which suit was brought. There was no attempt made in the judgment to charge the separate estate of the wife, H. C. Dawson.

The judgment is affirmed.