## Robson v. The Zumstein Taxicab Company.

(Decided March 20, 1923.)

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Evidence Held to Take Issue of Defendant's Negligence in Operating Automobile to Jury.—In an action by the owner of a taxicab against the driver of an automobile which collided with the taxicab, evidence that the two cars were approaching each other, each on its proper side of the street, and with lights burning, and that the defendant's car suddenly changed its course and ran in front of the taxicab, is sufficient, though contradicted by the defendant's evidence, to take the issue of defendant's negligence to the jury.

2. Damages—Evidence Repairs and New Parts Were Needed is Sufficient to Show at Least Nominal Damage.—In an action for injuries to a taxicab, evidence that repairs and new parts were required for the taxicab after the accident, and that they cost something, was sufficient to authorize a finding of a nominal damage, so that plaintiff was not entitled to a peremptory instruction on the ground that no damage was shown.

3. Damages—Evidence as to Cost of Repairs Without Proof of Reasonableness or Difference in Value is Insufficient to Sustain a Verdict.—In an action for damages to a taxicab, evidence of the cost of the repairs and new parts required for the taxicab after the accident, without evidence that as to reasonableness of the cost of such repairs and new parts, or that such cost represented the difference in the market value of the taxicab before and after the injury, is insufficient to sustain a verdict for the cost of the repairs since they may have rendered the taxicab more valuable than it was before the injury.

4. Appeal and Error—Exclusion of Evidence Driver Did not Signal Held Prejudicial.—The exclusion of evidence on behalf of defendant by a passenger in plaintiff's taxicab that the driver of the taxicab did not give any signal of his approach to the intersection was prejudicial to defendant, notwithstanding the driver's admission he did not give such signal, where that admission was coupled with the statement that no signal was necessary, and the fact that the additional evidence was excluded because that admission had been made was not made clear to the jury.

O. M. ROGERS for appellant.

WM. A. BURKAMP, WILLIAM C. BUTEN and JOHN W. HEUVER for appellee.

Opinion of the Court by Judge Clay—Reversing.

On December 9, 1919, appellant's machine was going west on Third street in Newport and appellee's taxi was going east on the same street. At the intersection of Third street and Linden avenue there. was a collision which resulted in injury to the two machines and also to the person of appellant. Appellee sued for $220.36, the amount of its repair bill, while appellant counterclaimed for the injury to her person and her machine. The jury found for appellee in the sum of .$220.36, and from the judgment entered on the verdict this appeal is prosecuted.

It is first insisted that appellant was entitled to a peremptory because the evidence was not sufficient to take the case to the jury, either on the question of negligence or the extent of appellee's damages.

Appellee's evidence was to the effect that the two machines were proceeding slowly and in opposite directions. The lights on each car were burning and each car was on the proper side of the street. When appellee's car was past the intersection of Third street and Linden avenue, without warning appellant's car suddenly

changed its course and ran in front of the taxi, thus causing the accident. On the other hand, the evidence for appellant tended to show that the driver of appellant's car had no notice or warning of the approach of the taxi, and that the taxi, which was being driven at a high rate of speed, collided with appellant's car. If the evidence for appellee be true, it cannot be doubted that there was sufficient evidence of negligence on the part of the driver of appellant's car to take the case to the jury.

Appellee's driver testified that certain parts of the taxi were injured. The bookkeeper for the White Company, which made the repairs, testified that the company repaired the steering system and the front axle, straightened the frame and put in a new fan, new springs, new lamps and new brackets, and also a new radiator and a new left hand fender, and that the entire cost of the parts, and of the labor which was reported to her, was $220.36, but she did not state that the charges were reasonable. Although the measure of damages was the difference in the market value of the taxi before and after the injury, and no witness testified as to its market value on either occasion, yet as it was clearly shown that the machine was injured and certain parts had to be restored, and that these parts cost something, it cannot be doubted that the evidence was sufficient to authorize a finding of nominal damages, and that being true, appellant was not entitled to a peremptory on the ground that no damage was shown. However, the evidence was not sufficient to sustain a verdict for the full amount of the repairs. It was not shown that the cost of the repairs was reasonable, or that the bill for the repairs represented the difference in the market value of the taxi before and after the injury. While the reasonable cost of repairs is always admissible on the question of damages, yet as the repairs may render the article more valuable than it was before the injury, he who causes the injury is not required to bear the full expenditure for the repairs, but is only liable for the difference in the market price of the article before and after the injury. Southern Ry. Co. v. Kentucky Grocery Co., 166 Ky. 94, 178 S. W. 1162. We therefore conclude that the evidence was not sufficient to sustain the verdict.

The court refused to permit one of the occupants of the taxi to testify that the driver of the taxi did not give any signal of his approach to the intersection. It is insisted that the exclusion of this evidence was not prejudi-

cial because the driver had already admitted that he did not give a signal, and the purpose of the court in rejecting the evidence was to save time.   If the court had stated that the objection was sustained because the fact was admitted there might be some merit in the contention, but, as the driver of the taxi coupled the statement that he gave no signal with the further statement that no signal was necessary, and the ground on which the additional evidence was excluded was not made clear to the jury, we are not prepared to say that the action of the court did not have the effect of misleading the jury as to the importance and materiality of the fact that no signal was given.

Judgment reversed and cause remanded for new trial consistent with this opinion.