### ARMSTRONG v. CLAYTON. (No. 1517.)

(Court of Civil Appeals of Texas. El Paso. Nov. 15, 1923. Rehearing Denied Dec. 6, 1923.)

Courts ☞169(5)—County court held without jurisdiction to determine counterclaim exceeding $1,000 filed to distress warrant.

Where to a distress warrant for $550 for rents and advances authorized by Rev. St. art. 5479, made returnable to the county court, under article 5481, placing jurisdiction in the county court where the amount in controversy is less than $1,000 exclusive of interest, and in the district court when it exceeded that amount, the tenant counterclaimed several items aggregating over $1,000, and the jury found for the tenant, the county court was without jurisdiction to determine the counterclaim, and its judgment for $371.86 for the tenant is reversed.

Appeal from Gaines County Court; T. O. Stark, Judge.

Action by J. W. Armstrong against Baker Clayton. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

A. L. Duff, of Seminole, and G. E. Lockhart, of Tahoka, for appellant.

N. R. Morgan, of Seminole, for appellee.

HARPER, C. J. This action was instituted by J. W. Armstrong against Baker Clayton by application and affidavit for distress warrant, as landlord, for $300 rents, and for $250 for moneys and supplies furnished defendant as tenant, to make secure and market the crop grown on certain premises of plaintiff. Article 5479, R. C. S.

The warrant was issued returnable to the county court, as provided in article 5481, R. C. S. (R. S.) Texas.

Defendant answered by general denial, and by set-off and cross-action composed of several items aggregating over $1,000.

The cause was submitted upon special issues, and the verdict of the jury found several amounts due defendant, aggregating more than $1,000. The court rendered judgment for defendant in the sum of $371.86, from which this appeal.

The appellant urges here that the counterclaim of defendant was beyond the jurisdiction of the county court, and for that reason the court was without jurisdiction to determine it. This is well taken. Gimbel et al. v. Gomprecht et al., 89 Tex. 497, 35 S. W. 470; Gulf C. & S. F. Ry. Co. v. Hamrick (Tex. Civ. App.) 231 S. W. 166; Cox v. Overton (Tex. Civ. App.) 240 S. W. 642.

The case is therefore reversed and remanded.