**GATTIS et al. v. KIRK et al.  (No. 508.)**

Court of Civil Appeals of Texas. Eastland.
Dec. 7, 1928.

Rehearing Denied Jan. 11, 1929.

590

Barker & Orn, of Cisco, for appellants.
Scarborough & Wilson, of Abilene, and B. L. Russell, of Baird, for appellees.

HICKMAN, C. J. Appellants sued Frank Kirk, J. E. Brewer, Arnold Kirk, and C. C. Neeb for $600 alleged to be due them on a written contract dated March 31, 1926, signed by appellants and Arnold Kirk and C. C. Neeb. After the testimony was concluded, the defendants Frank Kirk and J. E. Brewer moved to be dismissed from the suit. The motion was granted and an order entered dismissing them. The action of the trial court in so doing is not before us for review, but this appeal is prosecuted against Arnold Kirk and C. C. Neeb, who are the sole appellees. The written contract upon which the suit was based provided for the sale by appellants to appellees of an oil and gas lease on 60 acres of land at $10 per acre, subject to satisfactory title to be approved by appellees' attorneys. The assignment of the oil and gas lease, together with $600 and a copy of the contract, were deposited in escrow with the Farmers' National Bank of Cross Plains. One of the provisions of the contract which is material to a decision of this case was as follows:

"Second: Assignor agrees to obtain and deliver to Assignee, within 10 (ten) days from the date hereof a complete abstract of title, certified to the date of this agreement by some competent abstract company or abstractor, covering the above property, said abstract to be delivered to Assignee at Cross Plains, Texas."

Other terms of the contract material to notice were to the effect that appellees were granted ten days' time from receipt of the abstract within which to examine the title to the land as presented by the abstract, and that, in the event defects were discovered in the title as reflected by the abstract, the appellees should furnish appellants and said escrow bank a copy of the requirements made by their attorneys, and appellants should have 30 days thereafter within which to cure such defects and meet such requirements. Option was granted to appellees to accept the title with its defects in the event appellants were unable to cure same, or to reject the title and thereby terminate the contract. Appellants alleged compliance with the terms of the contract, and also pleaded waiver and estoppel against appellees to defend the suit on the ground of appellants' failure to furnish an abstract certified to the date of the contract within the ten days period provided. They tendered appellees a lease on 60 acres of land, and prayed for judgment for $600. There was a jury impaneled in the case, but, at the conclusion of the testimony, a peremptory instruction was given the jury to return a verdict in favor of defendants (appellees), and, from the judgment of the court entered in accordance with the verdict so returned, this appeal is prosecuted.

Appellees present the counter proposition that, appellants and appellees both having requested an instructed verdict at the conclusion of the testimony, such requests were equivalent to an agreement to withdraw the case from the jury, and that, since a jury was thereby waived, the judgment of the trial court should be upheld, it being sus-

tained by the evidence. In support of this proposition cases from federal courts and the following Texas cases are cited: Tiblier v. Perez (Tex. Civ. App.) 277 S. W. 189; Mendlovitz v. Shoe Co. (Tex. Civ. App.) 5 S.W.(2d) 559.

The authorities cited support the proposition, and many authorities from other states could be cited to the same effect. However, we are convinced that the contrary rule should obtain in Texas, where motions for peremptory instructions are not given the effect of demurrers to the evidence. This question was carefully considered by the Austin Court of Appeals in the case of Citizens' National Bank of Brownwood v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331 (error refused), and both because we approve the reasoning in that decision and because a writ of error was refused therein we shall follow it, and hold that by making a request for an instructed verdict a party does not thereby waive his right to have fact issues submitted to the jury, and such request by both parties does not have the effect of withdrawing the case from the jury by agreement.

■ The same decision is authority for overruling the contention of appellee that, since appellants made no request to have the court submit their issues of waiver and estoppel such issues were thereby waived by them. The well-known rule announced in such cases as Kirby Lbr. Co. v. Conn, 114 Tex. 104, 263 S. W. 902; Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084, and Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591, have no application to a case where a peremptory instruction is given. The case of Citizens' National Bank of Brownwood v. Texas Compress Co., supra, points out the distinction, which we approve.

Appellants' propositions may be grouped into two classes, viz. first, those complaining of the failure of the court to peremptorily instruct the jury to return a verdict in their favor, and, second, those complaining of the action of the court in giving appellees' peremptory instruction, and insisting that the evidence raised issues of fact which should have been submitted to the jury. We shall dispose of the second group first.

■■ The rule is well established that the court is not justified in taking a case from the jury where there is any evidence, although slight, tending to support the issues tendered. In passing upon these assignments, we are required to consider only appellants' evidence and the evidence in the record tending to support appellants' theory, and wholly disregard any evidence to the contrary. Raper et al. v. Parmenter (Tex. Civ. App.) 1 S. W.(2d) 343; Goodwin v. Abilene State Bank (Tex. Civ. App.) 294 S. W. 883.

We have made a careful examination of the statement of facts in this case with this rule as our guide, and have concluded that issues of fact were raised which should have been submitted to the jury for its determination. The record discloses that on the same day the escrow contract was written, March 31, 1926, the parties to the contract took same to the escrow bank, and the evidence offered by appellants would tend to establish the following facts: That the abstract to the tract of land was in the possession of the Federal Farm Loan Bank of Houston, Tex.; that appellee Kirk, with the knowledge of the appellee Neeb, instructed the escrow bank to deliver said abstract when received by it to the Roxana Petroleum Company to be examined by its attorneys; that Kirk was selling to the Roxana Petroleum Company a lease theretofore executed by appellants to him on another portion of the same tract of land covered by the said abstract; that the abstract was received by the escrow bank from the Federal Farm Loan Bank within the ten-day period named in the contract, and was delivered to the Roxana Petroleum Company upon the instructions of Kirk; that appellants instructed the escrow bank to deliver same to Kirk, and did not know the Roxana Petroleum Company in the transaction; that on April 12th thereafter a supplemental abstract covering this land was prepared by the Jackson Abstract Company of Baird. The record does not disclose who ordered the supplement, but it does disclose that same came to the escrow bank shortly after it was prepared. Appellants' testimony would also show that shortly thereafter appellee Kirk called appellant I. I. Gattis over telephone and told him that he had some written requirements concerning his title; that said appellants went to Kirk's office, and there got the abstract and the written requirements, and cured same to the satisfaction of Kirk; and that thereafter appellants were paid for a lease on that portion of their land which was contracted to Kirk prior to the date of the contract in suit herein. It was, perhaps, 20 or 30 days after the abstract was delivered by the escrow bank to the Roxana Petroleum Company before said company returned it to the bank. In the meantime a dry hole had been brought in near the tract of land. After the escrow bank received the abstract back from the Roxana Petroleum Company, appellee Neeb refused to accept same or have same examined on the ground that appellants had not complied with their contract to furnish an abstract certified to the date of the contract within ten days, as provided in that portion of the contract above copied.

■■ These facts, if true, would indicate that appellees waived the time element in the contract. They would further indicate the fact that, regardless of the question of who had the abstract certified down to April 12th, same was, nevertheless, certified, and, since appellees had such supplemental and original

abstract and examined same, they thereby waived their right to insist that appellants have the abstract certified down to the date of the contract. A waiver is generally defined as a voluntary relinquishment of a known right. The foregoing facts, to our minds, would clearly indicate, if true, that appellees voluntarily waived their right to insist that the abstract which was to have been furnished within the ten-day period should be certified down to date. Davenport v. Sparkman (Tex. Com. App.) 208 S. W. 658; Pearson v. 32 Oil Ass'n et al. (Tex. Civ. App.) 295 S. W. 255.

The other group of propositions urged by appellants must be overruled. The question of whether a party to a written contract waives a provision thereof by his acts is so essentially a fact question as that it would be a rare case in which a court would be justified in peremptorily instructing a jury that he had so waived. In the instant case appellees testified to facts which tended to disprove waiver. Their testimony would support the conclusion that it was contemplated that the Roxana Petroleum Company should first examine the abstract on the lease which it was purchasing from Arnold Kirk, and that appellants, by their contract, obligated themselves that the Roxana Petroleum Company would complete its examination within the ten-day period provided for in the contract, and that the abstract should then be delivered to appellees for their examination. Such theory, if believed, would negative the theory of waiver and estoppel. Their testimony is also to the effect that appellants were furnished objections made to the title to the tract only upon which the Roxana Petroleum Company was purchasing a lease, and that the abstract was never examined as to the particular tract in controversy in this suit and no objections were pointed out as to such tract.

We think this is essentially a fact case, and that neither of the requests for a peremptory instruction should have been granted by the trial court. It is therefore our order that the judgment of the trial court be reversed, and that the cause be remanded for another trial as between appellants and appellees. The judgment dismissing Frank Kirk and J. E. Brewer will not be disturbed.