## SHAFFER v. RHYNE et al.
### No. 1501.

Court of Civil Appeals of Texas. Waco.
Sept. 20, 1934.

Rehearing Denied Oct. 18, 1934.

C. R. Newland, of Linden, and Wm. Hodges, of Texarkana, for plaintiff in error.

Rowell & Rowell, A. G. Schluter, and J. H. Benefield, all of Jefferson, for defendants in error.

ALEXANDER, Justice.

In 1929, the plaintiffs, A. M. Rhyne and T. D. Rowell, Sr., and the defendant, James M. Shaffer, were the joint owners of 5,440 acres of land in Cass and Marion counties; the plaintiffs owning an undivided one-half interest in the land, and the defendant owning the other half. The plaintiffs sold their one-half interest in the land to the defendant for part cash and part credit. This suit was brought by the plaintiffs to recover the balance of the unpaid purchase money and to foreclose a vendor's lien on said land. The defendant sought to rescind the contract, defeat liability on the vendor's lien notes, and to recover that part of the purchase money theretofore paid by him to the plaintiffs, and in the alternative to recover damages for fraud alleged to have been perpetrated on him in the making of said contract. Among other defenses, the defendant contended that the plaintiffs at the time of entering into the contract had falsely represented that a loan could and would be obtained from the Federal Land Bank on the land in question for enough money to take up and pay off the purchase-money notes which were to be executed by the defendant and that he had been induced to purchase said land and to execute short-term notes in payment therefor in reliance on said representations. The trial court at the conclusion of the evidence withdrew the case from the jury and entered judgment for the plaintiffs for the sum of $20,710.89, with foreclosure of the vendor's lien. The defendant sued out this writ of error.

There was evidence to the effect that the defendant was over eighty years of age, resided in the state of Indiana, and was wholly unfamiliar with requirements necessary to secure a loan on land in Texas from the Federal Land Bank; that the plaintiff T. D. Rowell, Sr., who was a lawyer and who had previously represented the defendant as his attorney, had formerly served as a local director of the Federal Land Bank and had represented the bank in making loans in Texas. At the time the defendant purchased the land in question, he executed the short-term notes here sued on for a part of the purchase price of the land. He testified that he knew that he would be unable to pay said notes when they matured and that he so informed Rowell and advised Rowell that if the trade was to be consummated it would be necessary for him to borrow the money from the Federal Land Bank for the purpose of taking up the purchase-money notes. He further testified that Rowell told him that he (Rowell) was connected with the Federal Land Bank and was familiar with its regulations and that a loan could be obtained from said bank on said land for enough money to take up and pay off said purchase-money notes. The written contract signed by the parties recited that as soon as the trade was consummated it would be Shaffer's purpose to secure a loan from the Federal Land Bank for the purpose of paying off the notes sued on and said written contract bound the plaintiff T. D. Rowell, Sr., to prepare all necessary legal documents for the securing of said loan from said bank without cost to Shaffer. The defendant further testified that he would not have purchased said land but for said repre-

**134**

sentations; that after the trade was closed and the sale consummated Rowell informed him that it would be useless to make application to said bank for a loan because the land in question was not in cultivation and was unfenced and that under the rules and regulations of the Federal Land Bank it would not make a loan on land that was not fenced and in cultivation.

 We are of the opinion that the pleadings and evidence on the issue above referred to raised a question of fact for the jury. Under well-recognized rules, in determining the correctness of the ruling of the trial court in giving an instructed verdict, we must accept the losing party's testimony as true and give to it the most favorable construction. It was undisputed that under the rules and regulations of the Federal Land Bank then in force said bank would not make a loan on uncultivated, unfenced land. Under these circumstances, if, as testified to by the defendant, the plaintiff Rowell, under a claim of familiarity with the rules and regulations of said bank, represented to the defendant as a fact that a loan could be obtained on said land from said bank for enough money to take up and pay off said notes, and the defendant was misled thereby and so induced to enter into said contract to his injury, and if under the circumstances the representations were such that the defendant had a right to rely thereon, then clearly the contract was induced by actionable fraud. We are of the opinion that the trial court erred in withdrawing the case from the jury and in instructing a verdict for the plaintiff.

The judgment of the trial court is reversed, and the cause remanded for a new trial.