### WHITLEY v. KINSEL MOTOR CO.

### No. 9856.

Court of Civil Appeals of Texas.
San Antonio.

May 6, 1936.

John J. Pichinson, of Corpus Christi, for appellant.

J. Marvin Ericson, of Corpus Christi, for appellee.

SMITH, Chief Justice.

This appeal is from a judgment in favor of Kinsel Motor Company against J. C. Whitley for damages occurring to an automobile belonging to the motor company while in the possession of Whitley, as bailee.

The case presented is simple, and essentially one of fact.

It is contended by appellant, first, that the evidence did not support the measure of damages applied to the case by the trial judge; and, second, that the court erred in excluding certain evidence offered by appellant.

The measure of damages applied below was the difference between the market value of the automobile before it was wrecked while in appellant's custody, and its market value in its wrecked condition. Appellant contends that the evidence showed the car had no market value, before or after the accident, and therefore the damages should have been measured by intrinsic, rather than market, value. We overrule the contention. The law is as stated by appellant, but his premise is contrary to the record. There was ample evidence, adduced by appellee upon direct examination of its witnesses, and reiterated by the same witnesses upon cross-examination by appellant, that the car had a market value, both before and after the accident, and therefore the true measure of damages was upon that value, and was properly applied below.

Appellant sought to introduce what was termed an "NRA Code" relating to used automobiles, as affecting the market value of the car in question. We doubt if that outlawed authority would have been admissible for any purpose in the case, but need not decide the point, for the reason that the bill of exceptions does not show the contents of the rejected code, or just what fact or facts therein appellant desired or intended to put in evidence. In short, appellant does not show what fact or facts he wanted, or would have put, in evidence, if permitted, and therefore has failed to show injury by the ruling complained of. We overrule all of appellant's assignments of error, for the reasons stated.

On the other hand, appellee presents cross-assignments, by which it urges that, notwithstanding jury findings to the

contrary, the trial judge should have rendered judgment for appellee in a larger amount than found by the jury. We overrule those cross-assignments of error. The evidence upon the issue of ·damages conflicted in varying degrees. Most of the evidence upon that issue came from appellee's own witnesses and, when analyzed, warranted the jury findings. Other testimony, from appellant's witness, likewise supported those findings.

The judgment is affirmed.