**PANHANDLE & S. F. RY. CO. v. JONES.**

No. 4729.

Court of Civil Appeals of Texas. Amarillo.
March 29, 1937.

Rehearing Denied April 26, 1937.

Terry, Cavin & Mills, of Galveston, Adkins, Pipkin, Madden & Keffer, of Amarillo, and Wilson, Randal & Kilpatrick, of Lubbock, for appellant.

McWhorter & Howard, of Lubbock, for appellee.

JACKSON, Justice.

The appellee instituted this suit in the district court of Lubbock county against the appellant to recover damages for personal injuries alleged to have been sustained by him on account of the negligence of the agents, servants, and employees of appellant.

He alleged that about March 15, 1934, while riding in a caboose of one of appellant's freight trains as caretaker for a shipment of cattle, the train was stopped for the purpose of adjustment or repairs, after which, without warning to appellee, the train was started carelessly, negligently, and with such violence that appellee was thrown against the sharp corner of a table in the caboose, and his left side and groin were so bruised as to result in hernia in his left groin; that the jerking of said train with such violence was unusual and unnecessary and constituted negligence which was the proximate cause of appellee's injury.

The appellant answered by general demurrer, numerous special exceptions, general denial, pleaded the contract upon which appellee was riding; that no consideration was paid for his transportation; that from appellee's observation and experience he knew the dangers and hazards incident to such mode of travel and was warned thereof by appellant, and that if he suffered any injury, it was not the result of appellant's negligence, but the result of a risk assumed by appellee in accepting and using such mode of transportation, stating that appellee was an experienced caretaker in accompanying shipments of livestock on freight trains; knew when a train stopped it would be started again; that in the usual

and regular course of starting freight trains, the cars in said train, and especially the caboose, would be subject to jerking and jolting; that appellee knew from his observation and experience that while in the caboose as a caretaker he would have to guard himself against such usual and necessary movements of starting; that he failed to exercise ordinary care for his own protection, and was guilty of contributory negligence.

In response to special issue submitted by the court, the jury found that appellee did on or about March 14, 1934, sustain an injury to his person in the region of his left groin while he was a passenger on appellant's freight train; that appellant was guilty of negligence in starting its train at the time of appellee's alleged injury, and that such negligence was the proximate cause of the injury; that the injury was not the result of an unavoidable accident; appellee was not guilty of negligence, and he was damaged in the sum of $750. On these and other findings unnecessary to set out, judgment was rendered in favor of appellee in the sum of $750.

The appellant assigned as error the action of the court in refusing to peremptorily instruct a verdict in its behalf, contending that the testimony was insufficient to warrant a finding that appellee sustained an injury; that such injury resulted in damages, and certainly not in the sum of $750; that appellant was guilty of negligence, or that such negligence was a proximate cause of the injury, but did show that appellee was guilty of contributory negligence.

It is conceded that appellee was on the caboose of the freight train as a caretaker with appellant's permission.

The appellee testified that when the train stopped he decided to eat his supper, got the meal he had with him, and while eating, got up to get a drink of water; that he heard the slack going and made an effort to get back to the seat, but it was coming very fast and he caught the table to protect himself, but when the slack was taken up, the caboose gave an awful jerk, seemed like it reared up and jumped, and throwed him right over on the table; that he was experienced in riding the caboose as a passenger on a freight train loaded with cattle, knew how a train of the type he was riding was ordinarily started from a standing position, was familiar with the way they were operated; that under ordinary conditions when the slack was taken up there

would be a moderate jerk; that at the time he was injured the slack ran suddenly and the jerk was sudden and severe, and was unusual; that after he was thrown on the table by the sudden and violent jerk he felt pain, lay down on the bunk, and when he got to Emporia, Kan., he consulted a physician; that he continued to suffer after he returned to Lubbock; that he had pain in his left groin and has had since the injury, and lifting anything makes it worse; that he has a hernia, wears a truss, is not able to do any great amount of physical labor, and prior to the injury he had suffered no pain in that region of his body and did manual labor on construction jobs, and his earnings were about $100 per month.

The appellee's testimony in some particulars conflicted with the statement he made to the agent of the railway company, and his testimony relative to the sudden and violent starting of the train was controverted by the members of the train crew, but in our opinion the court would not have been warranted in directing a verdict for appellant.

In Bowers et al. v. Bowers et al., 99 S.W. (2d) 334, 335, this court says:

"It has been frequently held to be reversible error for the court to direct a verdict,

." 'If, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.' Dendy v. Cockerham et ux. (Tex.Civ.App.) 82 S.W.(2d) 756, 758.

"To the same effect are the holdings in Texas Employers' Ins. Ass'n v. Ritchie (Tex.Civ.App.) 75 S.W.(2d) 942; Jackson v. Langford (Tex.Civ.App.) 60 S.W.(2d) 265; Gross v. Shell Pipe Line Corporation (Tex.Civ.App.) 48 S.W.(2d) 377, and authorities cited.

" 'Circumstances and facts, in many instances, speak louder than mere words, and * * * inferences can be drawn from circumstances and facts, and juries are permitted to take these into consideration in rendering verdicts.' Donnell v. Dennis (Tex.Civ.App.) 87 S.W.(2d) 822, 823.

"One of the special provinces of the jury is to reconcile, if they can, conflicts and contradictions between the testimony of witnesses and 'adjust inconsistencies in the evidence of a witness in case they develop.'

Rose v. O'Keefe (Tex.Com.App.) 39 S.W. (2d) 877, 879."

In Houston & T. C. R. Co. v. Harris, 103 Tex. 422, 128 S.W. 897, 898, the Supreme Court, in passing on the sufficiency of similar testimony, says: "He stood there holding with his hands to the iron railings at both ends of the steps, when the car received a sudden check, as if by an application of brakes which caused it to jerk and to swing to one side, throwing him to the ground. He says the jerk was a 'pretty hard jerk,' 'a sudden jerk and a big one' and describes its effects, which were first to pull his right hand loose from the railing grasped by it, then to swing him around as he still held with his left, so as to strike his breast against the open door of the vestibule of the car, and, finally to throw him so far forward that his hand, as he fell to the ground, went under the front wheel of the nearest trucks of the car which had been in front of him. * * * This description of the occurrence, if found to be correct, would justify the inference that the train was not handled with due care for the safety of the passengers, and that the injury to plaintiff was due to a too rapid approach to the station necessitating too sudden a stop."

See, also, Gulf, C. & S. F. R. Co. v. Stewart (Tex.Civ.App.) 164 S.W. 1059.

The appellant contends that special issue No. 1 is too general, and fails to confine the jury to the injury alleged.

The language contained in said issue submits injury in these words, "if appellee sustained an injury to his person in the region of his left groin." He alleged, in effect, that the negligence in starting the train with violent and sudden jerks caused him to suffer injuries which resulted in a rupture, or hernia, in his said left groin, and that he still suffers injuries in his left groin. The issue is not subject to the objection, and the assignment is overruled.

The appellant assails as erroneous special issue No. 2, claiming that it did not confine the issue to the specific act of negligence alleged, and did not present an ultimate issue of fact. This issue reads as follows: "Do you find from the preponderance of the evidence that the defendant railway company was guilty of negligence, as that term is above defined to you, in starting its train at the time of plaintiff's alleged injury?" The only negligence alleged was that the train was started carelessly, negligently, and with such violence

that appellee was thrown against the corner of a table in the caboose and injured. As we understand appellant's contention, he asserts that the negligent act relied on was the manner of starting the train, and not the starting thereof.

The only issue made by the testimony was whether the train was started with such unusual jerks and violence as to throw appellee against the table and cause the injury.

In Missouri, K. & T. Ry. Co. of Texas v. Swift (Tex.Civ.App.) 128 S.W. 450, 451, writ denied, the court says: "It is insisted by the fifth assignment that the seventh section of the charge permitted a recovery on the part of appellee if the jury believed that the defendant was guilty of negligence in the operation of its train; whereas, the negligence alleged was that said train was so negligently and carelessly handled that it gave a sudden, violent jerk or plunge. When applied to the evidence, we think this charge could not have been misleading, because the only evidence on the part of plaintiff showing or tending to show an improper operation of the train was the sudden and violent jerk or plunge, and the jury must have understood the charge as applicable to this feature of the evidence."

"In Galveston, H. & H. R. Co. v. Sloman (Tex.Civ.App.) 195 S.W. 321, the court held, as stated in the syllabus: 'In determining whether a special issue is within plaintiff's pleading, all reasonable inferences from the facts alleged in the pleadings as a whole should be made in aid thereof.'" Panhandle & S. F. Ry. Co. v. Brown (Tex.Civ.App.) 74 S.W.(2d) 531, 534.

What we have said relative to the objection to issue No. 2 is, we think, sufficient to dispose of the same complaint directed at special issue No. 3.

The appellant attacks as erroneous special issue No. 9, asserting that it permitted the jury, in ascertaining the damages, to go beyond the pleading, consider loss of time, earning capacity, and mental pain, and did not limit the jury to the allegations in appellee's petition. This contention is not sustained because the court instructed the jury that, in assessing damages, "you may take into consideration the physical pain suffered, if any, and his loss of time, if any, as a proximate result of the injury sustained by plaintiff, if any." No mental pain was included, but the consideration of the jury was limited to the physical pain and loss of time as a proximate result of the injuries sustained.

446

The appellant urges as error the action of the court in permitting appellee to testify that the starting of the train was unusual, and the effect it had on the caboose, because such testimony was an opinion and conclusion given by a witness who was not qualified. In addition to the testimony heretofore recited, the appellee gave the number of shipments he had accompanied. The appellant, for the purpose of urging its plea of assumed risk and contributory negligence, charged that appellee was an experienced caretaker; had accompanied shipments of livestock on freight trains; knew they must be stopped and started, and that in the regular course of their starting, the cars, and especially the caboose, would be subject to jerking and jolting.

In our opinion, under this record and the testimony of the witness, appellant is not in position to urge his incompetency. Freeman v. Moreman (Tex.Civ.App.) 146 S.W. 1045; Davis, Agent v. Sullivan & Opry (Tex.Civ.App.) 242 S.W. 764, affirmed (Tex. Com.App.) 258 S.W. 157; Hines, Director General of Railroads, et al. v. Davis (Tex. Civ.App.) 225 S.W. 862.

Appellant's assignment urging error in the action of the court in permitting the appellee to exhibit his injuries to the jury is overruled. Kansas City, M. & O. Ry. Co. of Texas v. Foster (Tex.Civ.App.) 38 S.W.(2d) 391.

The argument of appellee's counsel, considered together with the argument of appellant's counsel, do not, in our opinion, present reversible error. 41 Tex.J.P. 772, par. 56; 1203 par. 341.

The judgment is affirmed.