## COCA–COLA BOTTLING CO. v. DICKSON.

### No. 4886.

Court of Civil Appeals of Texas. Amarillo.

April 18, 1938.

Canty, Hanger & McMahon, J. A. Gooch, and Byron Scarborough, all of Fort Worth, for appellant.

Marvin B. Simpson and Harris Brewster, both of Fort Worth, for appellee.

JACKSON, Chief Justice.

The appellee, H. L. Dickson, instituted this suit in the county court at law of Tarrant county against the corporate appellant, Coca-Cola Bottling Company, on a written contract to recover the sum of $433.29, with interest, alleged to be an unpaid balance of commissions due appellee by appellant.

The appellee alleges that he was employed by the appellant the entire year 1935 as a truck salesman to drive one of appellant's trucks, sell and deliver to customers Coca-Cola and soda water for which he was to receive the agreed commission of .0656 for each case so sold and delivered. A written contract, dated February 19, 1934, under the terms of which appellee was paid a commission on his sales for said year, was copied in the petition, and appellee asserts it was renewed and constituted the contract for appellee's services for the year 1935, during which he sold and delivered for the appellant 26,414 cases of Coca-Cola and soda water on which his commissions aggregated the sum of $1,733.29; that he had received the sum of $1,300 thereon, leaving a balance of $433.29 due and unpaid.

The appellant answered by general demurrer and general denial and by trial amendment pleaded failure of consideration.

In response to special issues, the jury found, in effect, that the appellant agreed to pay appellee a commission of .0656 per case for each case of Coca-Cola and soda water sold by him during the year 1934; that the appellant and appellee agreed to renew the commission contract of 1934 for the year 1935, and appellee was to receive .0656 on each case of Coca-Cola and soda water sold by him during said last year; that appellee was not advised that his commissions were to be limited to the increase of the cases sold in 1935 over the number sold in 1934. The failure of consideration was not submitted nor requested.

On these findings, the court entered judgment for appellee for the sum of $345.76, with interest thereon at the rate of 6 per cent. per annum from January 1, 1936, until paid, from which judgment, this appeal is prosecuted.

The appellant urges as error the action of the court in refusing to direct a verdict in its behalf, contending that the testimony is wholly insufficient to support the findings of the jury or warrant the judgment of the court. The contract alleged by

appellee to have been renewed is in the form of a letter and reads as follows:

"Coca-Cola Bottling Company
"Coca-Cola.
"650 South Main Street,
"Fort Worth, Texas,
"February 19, 1934

"H. L. Dickson

"Effective January first, the salary basis of pay was discontinued and each salesman will be paid according to his sales.

"This commission is figured on 1933 sales on the present route with an allowance for any change which might have been made through out the year.

"Due to the fact that the year 1933 was one of our lowest years in sales, we feel that we are giving every salesman an increase of from 10% to 25% in the present wages.

"Listed below are the sales for your route during the year 1933.

| Coca Cola Sales | Soda Sales | Total Sales | Salary Paid | Comm. Paid |
|---|---|---|---|---|
| 19,335 | 480 | 19,815 | $25.00 Wk. | .0656 |

"Yours very truly,
"[Signed]  C. A. Lupton.
"VJE/DC."

The testimony, while controverted, is entirely sufficient to show that said written contract was renewed and appellee was to receive for his services during 1935 the same commission per case sold and delivered as stated in the contract for 1934. The record shows that each truck salesman had a designated route and for the year 1933 the appellant paid each, regardless of the number of cases sold, a salary of $25 per week.

It will be noted the written contract says: "Effective January first, the salary basis of pay was discontinued and each salesman will be paid according to his sales." It then provides the basis on which the commission is figured; advises appellee the number of sales he had made in 1933, and that a commission of .0656 would be paid on each case sold. Whether this contract was extended to cover 1935 was a fact issue to be determined by the jury.

The appellant does not claim that this contract was the result of fraud, accident, or mistake, and, in our opinion, the testimony authorizes the findings of the jury and warranted the judgment of the court.

"It has been frequently held to be reversible error for the court to direct a verdict,

" 'If, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.' Dendy v. Cockerham et ux. (Tex.Civ.App.) 82 S.W.2d 756, 758.

"To the same effect are the holdings in Texas Employers' Ins. Ass'n v. Ritchie (Tex.Civ.App.) 75 S.W.2d 942; Jackson v. Langford (Tex.Civ.App.) 60 S.W.2d 265; Gross v. Shell Pipe Line Corporation (Tex.Civ.App.) 48 S.W.2d 377, and authorities cited." Panhandle & S. F. Ry. Co. v. Jones, Tex.Civ.App., 105 S.W.2d 443, 444.

What we have said disposes of appellant's assignment challenging the action of the court in refusing to render judgment in its behalf non obstante veredicto.

The judgment is affirmed.