**HIGGINS v. STANDARD LLOYDS et al.**

**No. 11096.**

Court of Civil Appeals of Texas. Galveston.

Jan. 23, 1941.

Rehearing Granted Feb. 27, 1941.

Rehearings Denied March 27, 1941.

John B. Warren, of Houston, for appellant.

Gammage, Gammage & Bauer and Pinkney H. Fowler, all of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought in the County Court at Law of Harris County by appellant, E. N. Higgins, as beneficiary under an automobile collision policy issued by appellee, Standard Lloyds, to recover damages to his automobile caused by an accidental collision with another automobile. Appellee, Mossler Acceptance Company, was made a party defendant under allegations that it was making some claim to the proceeds of said policy.

Appellees answered by general demurrer, exceptions and general denial. Appellee, Standard Lloyds, alleged that appellant was bound by the terms of said insurance policy, which provided that its maximum liability was what it would cost to replace the automobile or its parts and that it was not liable for recovery of damages thereto while the automobile was being used as a public or livery conveyance. It denied liability on the ground that said automobile was in the taxicab service at the time of said collision.

Appellee, Mossler Acceptance Company, by cross-action, sought recovery against appellant of the sum of $68.72, alleged to have been the balance due it by appellant

on a note given as part of the purchase price of said automobile.

At the conclusion of the evidence, upon motion by both appellees, the court instructed the jury to return a verdict for appellees and in favor of appellee, Mossler Acceptance Company, on its cross-action for the sum of $68.72, with interest. On the return of said verdict judgment was rendered accordingly.

Appellant assigns error in the court's action in directing said verdict and in rendering a judgment thereon, for the alleged reason that the testimony presented fact issues which should have been submitted to the jury for determination.

The record shows that appellant purchased the automobile in question on October 6, 1936. As a part of the purchase price therefor he executed his note for the sum of $898.20, payable in monthly installments of $29.94, and secured by a chattel mortgage on the automobile. This note and the chattel mortgage by which it was secured were assigned to appellee, Mossler Acceptance Company.

Appellee Standard Lloyds issued its policy of insurance covering damages from collision to said automobile, with a $25 deductible clause, on May 2, 1938. The loss under said policy was payable to appellant and appellee, Mossler Acceptance Company, as their interest might appear. Said policy provided for the payment of direct damage to said automobile and its operating equipment caused by accidental collision, but expressly excluded loss incurred while it was being used as a public or livery conveyance or while carrying persons for a consideration. It provided that the company's liability for damage to the automobile should not exceed the actual cash value thereof at the time the damage occurred or the amount it would then cost to repair it or replace its damaged parts.

The automobile in question was damaged in a collision with another automobile in the City of Houston on October 23, 1938. At the time of said collision said policy of insurance was in full force and effect.

The sole question presented in this appeal is whether there is any evidence in the record which, when considered by itself, would, if accepted as true by the jury, raise an issue of fact under which the judgment rendered by the trial court in favor of appellees might be rendered in favor of appellant.

It is the established rule in this state that, as against an instructed verdict, the testimony of the party against whom such judgment is rendered must be taken as true and that he must be given the benefit of all fact evidence, circumstantial or otherwise, bearing on his cause of action, as well as all reasonable inference arising therefrom. Lawson v. Hutcherson, Tex. Civ.App., 138 S.W.2d 131; Owen v. Al Parker Securities Co. et al., Tex.Civ.App., 296 S.W. 620, affirmed Tex.Com.App., 1 S.W.2d 271; Coca-Cola Bottling Co. v. Dickson, Tex.Civ.App., 115 S.W.2d 1223; Dendy v. Cockerham et ux., Tex.Civ.App., 82 S.W.2d 756; Texas Emp. Ins. Ass'n v. Ritchie, Tex.Civ.App., 75 S.W.2d 942; Panhandle & S. F. Ry. Co. v. Jones, Tex.Civ. App., 105 S.W.2d 443.

This rule is followed in the case of Bragg v. Houston Electric Company, Tex. Civ.App., 264 S.W. 245, 251, in which the court in its opinion, quoting from the Supreme Court of the State of Ohio in the case of Hickman v. Ohio State Life Insurance Company, 92 Ohio St. 87, 110 N.E. 542, lays down the following rule: "Where there is no dispute or conflict in the testimony of different witnesses, but nevertheless the unconflicting testimony discloses a variety of circumstances from which different minds may reasonably arrive at different conclusions as to the ultimate fact shown by such evidence, then it is the duty of the jury to determine such ultimate fact, even though the trial judge should himself be convinced as to what the conclusion should be."

In the case of Needham v. American Nat. Insurance Co., Tex.Civ.App., 97 S.W. 2d 1016, 1020, it is said: "While appellee offered sufficient evidence to raise jury issues on the questions raised by its pleadings, this being an appeal on peremptory instructions against appellant, we shall not review appellee's evidence, for, under the disposition of the case against a plaintiff on peremptory instruction, appellant's evidence must be taken as true, and every reasonable inference arising from such evidence must be indulged in favor of appellant, notwithstanding all such evidence may have been contradicted by substantial evidence offered by appellee, and a contrary reasonable inference could have been indulged", citing Bragg v. Houston Electric

Co., Tex.Civ.App., 264 S.W. 245; First National Bank of Amarillo v. Rush, Tex. Com.App., 210 S.W. 521; Gattis et al. v. Kirk et al., Tex.Civ.App., 12 S.W.2d 589; Shaffer v. Rhyne et al., Tex.Civ.App., 75 S.W.2d 133; 3 Tex.Jur., 1050.

It is held in the case of Kleising v. Miller et al., Tex.Civ.App., 83 S.W.2d 732, 733, that: "The test to be applied in determining whether the trial court is authorized to instruct a verdict is whether there is any evidence which, when considered by itself, would, if accepted as true by the jury, raise a fact issue. Thomas v. Postal [Telegraph-Cable] Company (Tex.Com. App.) 65 S.W.(2d) 282; Stinnett v. [Gulf, C. & S. F.] Railway Co. (Tex.Civ.App.) 38 S.W.(2d) 615."

While the testimony in the instant case as to the value of said automobile, the extent of the damages thereto, the reasonable costs of repairs and necessary parts, and as to whether it was in the taxicab service at the time of said collision, is conflicting and in some instances meager, ample testimony was introduced by appellant to prove that said automobile was damaged at the time and place and in the manner alleged. Appellant introduced testimony to the effect that many parts of said automobile were damaged in said collision to such an extent as to require their replacement. He proved the value of the necessary parts and the reasonable cost of the labor necessary for repairs and the installation of necessary parts. Ample evidence was also introduc. 1 by appellant to the effect that said automobile was not in the taxicab service at the time of said collision.

While, under appellant's testimony, he would not have been entitled to recover the full amount of the damages alleged by him, he was unquestionably entitled, under the record herein, to have had issues submitted to the jury as to whether said automobile was in the taxicab service at the time of said collision and as to whether he sustained any damages by reason thereof and, if so, the amount thereof.

■ Applying the principles above stated, that where there has been an instructed verdict only the evidence favorable to appellant's contention can be considered in determining whether the issues of fact, if any, raised by the evidence should be submitted to the jury, to the instant case, we must hold that the trial court erred in withdrawing the case from the jury and instructing it to return a verdict for appellees.

■ Appellant's assignment of error, that the cross-action of appellee, Mossler Acceptance Company, against appellant for the sum of $68.72, alleged to have been a balance due appellee on a note executed by appellant, was a separate and independent suit, and that the court had no jurisdiction of the amount in controversy, must be sustained.

■ It is the established rule in this state that a defendant cannot, by filing a cross-action, counter-claim, or plea in reconvention, litigate a suit entirely different and foreign to the main action for an amount over which the court has no jurisdiction. Hardeman v. Morgan, 48 Tex. 103; Fridh et al. v. Giberson & Kempff et al., Tex.Civ.App., 21 S.W.2d 563; Dawson v. Duffie, Tex.Civ.App., 191 S.W. 709. Under such circumstances, since the court in the instant case had no jurisdiction over the amount sued for in Mossler Acceptance Company's cross-action, it was the duty of the court to dismiss said cross-action for want of jurisdiction. Dawson v. Duffie, Tex.Civ.App., 191 S.W. 709; Armstrong v. Clayton, Tex.Civ.App., 255 S.W. 1015; Fridh et al. v. Giberson & Kempff et al., Tex.Civ.App., 21 S.W.2d 563.

Appellant's cause of action is for the recovery of the amount alleged to be due under an automobile collision insurance policy, payable to appellant and to appellee, Mossler Acceptance Company, as their interests may appear. Appellee Mossler Acceptance Company was made a party defendant under allegations that it was making some claim to the proceeds of said policy. By its cross-action said appellee sought recovery of an alleged balance due it by appellant on a note. The court, in its judgment, found that appellant was not entitled to recover under said insurance policy. It necessarily follows that the action asserted by appellee, Mossler Acceptance Company, in said cross-action was not only different and foreign to the main action, but, being for the sum of only $68.72, the County Court at Law of Harris County had no jurisdiction thereof.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial except with respect to the cross-action of the appellee, Mossler Ac-

ceptance Company, and that in this respect the trial court is instructed to dismiss said cross-action for want of jurisdiction.

Reversed and remanded.

## On Motion for Rehearing.

Upon motion of appellee, Standard Lloyds, for a rehearing and upon a careful re-examination of the record herein we have concluded that we were in error in reversing and remanding that portion of the judgment of the trial court denying appellant recovery against appellee, Standard Lloyds.

As stated in our original opinion, the sole question involved in this appeal is whether there was any evidence in the record which would raise an issue of fact under which judgment might be rendered in favor of appellant.

Upon a review of the record we find that there is neither competent proof of the value of said automobile immediately prior to its injury, nor is there testimony of any kind as to its value in its injured condition immediately after its injury.

The correct measure of damages to personal property is the difference between its reasonable market value at the time and place of its injury immediately before its injury and its value immediately after the injury. If the injured property has no market value at such time and place, then the damage may be calculated upon the basis of its actual value. Standard Paving Co. v. Pyle, Tex.Civ.App., 131 S.W. 2d 200; Anderson et al. v. Reichart et al., Tex.Civ.App., 116 S.W.2d 772; Whitley v. Kinsel Motor Co., Tex.Civ.App., 94 S.W. 2d 202; Union City Transfer Co. v. Texas & N. O. R. Co., Tex.Civ.App., 55 S.W.2d 637.

While appellant contends that the witness Charles E. Evans testified as to the market value of said car prior to its injuries, the record shows that this witness testified that he did not know the condition of the car in the fall of 1938. He testified that he had seen the car when it came into his place of business to be serviced, but that he had not paid particular attention to it; that he had heard that the car had been in a wreck, but that he did not know when the wreck occurred or when he had last seen the car, and that the only way that he could give his opinion as to its market value would be to compare it with a car of similar age and then give his opinion as to its value. Based on these facts he testified that the value of the car was about $450 at the time of its injury.

In our original opinion we took into consideration the fact that said car had been injured and the reasonable cost of certain repairs and replacements.

While our courts have, under certain circumstances, permitted the recovery of replacements and repairs made necessary by an injury to personal property, this rule is based on the theory that, by such replacements and repairs, the injured property will be restored to its former condition immediately before the injury, and, if the injured property, after being repaired, is worth less than it was before the injury, the difference in its value before the injury and after said repairs may also be recovered. It follows that if the injured article, after being repaired, is worth more than it was immediately before the injury, the party who has caused the injury or who is obligated to pay damages therefor is not required to pay the full cost of said repairs, but is only liable for so much of the expenditures made therefor as are necessary to put the injured property in its former condition immediately prior to its injury. Union City Transfer Co. v. Texas & N. O. R. Co., Tex.Civ.App., 55 S.W.2d 637; Robson v. Zumstein Taxicab Co., 198 Ky. 365, 248 S.W. 872; White v. Beaumont Implement Co., Tex.Civ.App., 21 S.W.2d 559; 13 Tex.Jur., 160.

Since there was no competent proof in the record of the value of appellant's car, either before or after its injury, nor was proof offered that repairs or replacements were made thereon, or, if made, that they did not put the car in a better condition than before its injury, there was no basis in the record for the submission of issues to the jury as to the amount of damages sustained by appellant, and it was proper for the trial court to instruct the jury to return a verdict in favor of appellee, Standard Lloyds.

It follows that appellee Standard Lloyds' motion for a rehearing must be granted and that the judgment of the trial court as to it must be affirmed.

Since no useful purpose can be served by remanding this cause as between appellant and appellee, Mossler Acceptance Company, the order to that effect heretofore entered will be set aside and judgment

here rendered that the cross-action of appellee, Mossler Acceptance Company, be dismissed.

Rehearing granted.

Affirmed in part, and in part reversed and rendered.