## DONNELL v. DENNIS.

### No. 12997.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 20, 1935.

Rehearing Denied Nov. 8, 1935.

Donald & Donald, of Bowie, for appellant.

Homer B. Latham, of Bowie, for appellee.

BROWN, Justice.

Appellee, H. L. Dennis, brought suit in the district court of Montague county, alleging that Ralph Donnell and Isaac Donnell, on July 17, 1930, executed and delivered to him their joint promissory note, payable one year after date, in the sum of $500, bearing 10 per cent. interest and 10 per cent. attorney's fees; that appellee could not give an exact description of the note because Ralph Donnell brought the executed instrument to appellee's residence, and appellee gave him a check for $500, drawn upon the First National Bank of St. Jo, whereupon appellant, Ralph Donnell, proposed, as an accommodation to appellee, to take the note to said bank, for appellee, but that appellant did not deliver the note to such bank, and although demand having been made upon him, appellant has failed and refused to deliver such note to appellee; and that both makers, although demands have been made thereupon, have failed and refused to pay the same.

No exceptions to the pleading were urged.

Appellant and Isaac Donnell answered by pleas of non est factum, and appellant pleaded that he in fact received a check from appellee on the date the note is alleged to have been made, but that such check was given him in a settlement had between him and appellee, growing out of an oil lease transaction. This appellee denied.

The case being tried to a jury, the court submitted three special issues in the

charge (in substance): (1) Did Isaac Donnell sign the note in question payable to appellee? To which the jury answered: "No." (2) Did appellant sign such a note? To which the jury answered: "Yes." (3) Did appellant deliver such a note to appellee? To which the jury answered: "Yes."

Appellant asked for a peremptory instruction, which was refused and exception taken.

Appellee and appellant both moved for judgment after verdict. Appellant's motion was denied and exception taken, and appellee's motion was granted.

The trial court rendered judgment that appellee take nothing against Isaac Donnell, but gave him judgment on the note against appellant. Appellant urged his motion for a new trial; same was overruled, and he has appealed.

The first assignment of error complains of the failure of the court to grant appellant's request for a peremptory instruction, and the second, third, and fourth assignments of error complain of the failure to render judgment for appellant on his motion, timely made. The fifth assignment complains at the giving of special issue No. 2 over his timely objections, same being that the evidence is wholly insufficient to warrant the giving of such issue.

There was sufficient evidence before the jury to raise the issues submitted, and it follows that none of the assignments of error are well taken, and same are overruled. Joffre v. Mynatt (Tex.Civ. App.) 240 S.W. 319.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellant, in his motion for rehearing, asserts that the court has not given serious consideration to his case, and that this, in his opinion, has been brought about by reason of the small amount involved.

We wish to assure appellant that his case was carefully considered by the entire court and that the entire court has carefully considered his motion for a rehearing.

Sifted to the bottom, appellant's motion urges that, having pleaded non est factum, there is not even a scintilla of evidence that appellant ever signed the note, or that its loss has ever been established, or its absence from the record accounted for.

■ Appellant forgets that circumstances and facts, in many instances, speak louder than mere words, and that inferences can be drawn from circumstances and facts, and juries are permitted to take these into consideration in rendering verdicts.

■ The record here contains testimony that a man, who introduced himself to appellee as this appellant, came to appellee and brought a note bearing that date payable to appellee and bearing two signatures—Ralph Donnell and Isaac Donnell—that it was for the sum of $500; that, in the discussion with appellee, the man who introduced himself as being the appellant, after appellee examined the note and agreed that it was "good," with Isaac Donnell's name on it, asked that the check for $500 be given to him; this was done by appellee; and this man further volunteered, as an accommodation to appellee, to deliver the note to the bank, on which appellee had drawn the check; and that he took the check and the note away with him. The undisputed evidence shows that Ralph Donnell, in person, cashed the check, at such bank, and used the money so received. The banker testified that said appellant cashed the check and directed the manner in which the funds received thereon should be applied, and that they were so applied. The banker further testified that appellant did not give him the note in question, and did not mention the note; and that no such note was delivered to the bank.

Appellee testified that he found out that the note had never been delivered to the bank; that he had a conversation with Isaac Donnell and told him that "the note was missing, that Ralph Donnell carried it off and when I went to the bank it wasn't there, or couldn't be found"; that Isaac Donnell said he had no recollection of ever having signed the note.

Appellee testified that he then had a conversation with Ralph Donnell; that he asked said appellant what he did with the note that he carried from appellee's house; that appellant did not make a direct answer to this question, which was put to him several times, but merely said, "I will give you my note"; that appellee told him his note was not good and to put Isaac Donnell on the note, but appellant replied that he had asked Isaac Donnell to sign a note and he refused to do so. Olin Dennis corroborated the

testimony given by appellee concerning this last conversation.

Thus it appears that there is much more than a scintilla of evidence that appellant signed the note in question, and that its loss, or absence from the record, is accounted for. The verdict of the jury finding that Ralph Donnell signed the note is amply supported by the evidence.

The mere fact that the jury found that Isaac Donnell did not sign the note does not serve to relieve Ralph Donnell of his responsibility. Under the facts and circumstances developed, the jury was well within its authority in finding that Isaac Donnell did not sign the note, and could have found that his signature was placed on the note by some other person.

Finding no merit in the motion for rehearing, it is overruled.